1 | JACOB H. ZAMANSKY
EDWARD H. GLENN, JR.
2 | ZAMANSKY & ASSOCIATES LLC
50 Broadway, 32nd Floor
3 | New York, NY 10004
Telephone:  (212) 742-1414
4 | Facsimile:   (212) 742-1177

5
[Proposed] Lead Counsel for Plaintiffs
6
MICHAEL L. Kirby (50895)
7 |   Email:  *mkirby@knlh.com*
JONATHAN A. BOYNTON (174910)
8 |   Email:  *jboynton@knlh.com*
9 | KIRBY NOONAN LANCE & HOGE LLP
350 Tenth Avenue, 13th Floor
10 | San Diego, California  92101-8700
Telephone:  (619) 231-8666
11 | Facsimile:   (619) 231-9593

12
[Proposed] Local Counsel for Plaintiffs
13

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JIMMY ELIAS KARAM, Individually and On Behalf of Himself and All Others Similarly Situated,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>CORINTHIAN COLLEGES, INC., JACK P. MASSIMINO, PETER C. WALLER, MATTHEW A. OUIMET, and KENNETH S. ORD,<br><br>                    Defendants. | Case No. 10-CV-6523 GHK (RCX)<br><br>**CLASS ACTION**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JENNIFER GRUND'S  MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF SELECTION OF LEAD COUNSEL**<br><br>**Date:  December 20, 2010**<br><br>**Time: 9:30 a.m.**<br><br>**Courtroom:  650**<br><br>**Judge:  Hon.  George H. King** |

KNLH\781785.2

10-CV-6523 GHK (RCX)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

1. STATEMENT OF ISSUES TO BE DECIDED ................................................................ 1

2. SUMMARY OF THE ACTION ................................................................ 2

3. ARGUMENT ................................................................ 3

    A.    The PSLRA's Lead Plaintiff Provisions ................................................................ 3

    B.    The Grund Plaintiff Is The "Most Adequate Plaintiff" ................................................................ 4

        1)    The Grund Plaintiff Has Made A Timely Motion For Appointment as Lead Plaintiff ................................................................ 5

        2)    The Grund Plaintiff Is Believed To Have The Largest Financial Interest ................................................................ 5

        3)    The Grund Plaintiff Otherwise Satisfies Rule 23 ................................................................ 5

    C.    The Court Should Approve the Grund Plaintiff's Selection of Lead Counsel ................................................................ 6

4. CONCLUSION ................................................................ 8

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Constance Sczensy Trust v. KPMG LLP*
   223 F.R.D. 319 (S.D.N.Y. 2004)...................................................................................... 6

*In Re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002)........................................................................................ 5, 6

STATUTES

15 U.S.C. §77z-1 ...................................................................................................................... 1

15 U.S.C. §77z-1(a)(3)(B).......................................................................................................... 1

15 U.S.C. §78u-4 ...................................................................................................................... 1

15 U.S.C. §78u-4(a)(3)(A)(i) ..................................................................................................... 4

15 U.S.C. §78u-4(a)(3)(B) ......................................................................................................... 1

15 U.S.C. §78u-4(a)(3)(B)(i)....................................................................................................... 4

15 U.S.C. §78u-4(a)(3)(B)(iii)..................................................................................................... 1

15 U.S.C. §78u-4(a)(3)(B)(iii)(I) ................................................................................................ 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) ........................................................................................ 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) ........................................................................................ 5

15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa) ........................................................................................ 6

15 U.S.C. §78u-4(a)(3)(B)(v)...................................................................................................... 6

1933 Securities Act ................................................................................................................... 1

1934 Exchange Act ................................................................................................................... 1

Private Securities Litigation Reform Act of 1995("PSLRA") ............................................ passim

OTHER AUTHORITIES

Federal Rules of Civil Procedure, Rule 23 ........................................................................ 4, 5, 6

Federal Rules of Civil Procedure, Rule 23(a) ....................................................................... 5, 6

Federal Rules of Civil Procedure, Rule 23(a)(4) ................................................................ 6

# 1. STATEMENT OF ISSUES TO BE DECIDED

Presently pending in this District is an action entitled *Karam v. Corinthian Colleges Inc., et al.*, No. 10-CV-6523  brought on behalf of all persons who purchased or otherwise acquired securities in Corinthian Colleges, Inc. ("Corinthian College" or the "Company"), which has a publicly traded common stock under the symbol "COCO", based upon fraudulent and/or misleading statements or offering documents.  This action asserts liability under both the Securities Act of 1933 ("1933 Securities Act") and Section 10(b) of the Securities and Exchange Act of 1934 (the "1934 Exchange Act") against defendants Corinthian Colleges Inc., and Section 20(a) of the 1934 Exchange Act against Jack P. Massimino, Peter C. Walker, Matthew A. Oiumet and Kenneth S. Ord, who were officers or directors, and had control over the unlawful acts described in the Complaint, and, accordingly, have liability as control persons for those unlawful acts.

Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Court is to appoint as lead plaintiff the person or group of persons with the largest financial interest in the relief sought by the class that otherwise satisfies the requirements of Fed.R.Civ.P. 23, 15 U.S.C. §78u-4(a)(3)(B); 15 U.S.C. §77z-1(a)(3)(B).[1]  Here, Jennifer Grund (the "Grund Plaintiff") should be appointed as lead plaintiff because she: (1) timely filed her motion for appointment as lead plaintiff; (2) has the largest financial interest in the outcome of this litigation of any person or groups of persons of which she is aware; and (3) will adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii); *see also* Declaration of Edward H. Glenn, Jr. ("Glenn Declaration"), Exhibits A and B..  In addition, the Grund Plaintiff's selection of the law firm of

---

[1]  The lead plaintiff provisions of the 1933 Securities Act and 1934 Exchange Act, as amended by the PSLRA, are identical. *See* 15 U.S.C. §77z-1; 15 U.S.C. §78u-4.  To avoid duplicative citation, only the lead plaintiff provisions of the 1934 Exchange Act are cited herein.

Zamansky & Associates, LLC to serve as lead counsel should be approved because the firm possesses sufficient experience in the prosecution of complex litigation and will adequately represent the interests of all class members. *See* Glenn Declaration, Exhibit C.

## 2. SUMMARY OF THE ACTION

Corinthian College is a publically traded company providing private, for-profit post secondary education with locations in the United States and Canada. As of June 30, 2009, Corinthian College had a student enrollment of greater than 86,000, and operated 89 schools in 24 states and 17 schools in Canada. The Company offers a variety of graduate degrees and training programs through both traditional class room settings as well as online through the internet. The Company also operates programs or schools under the names, Everest College, Herald College and WyoTech.

During the Class Period, through press releases and SEC filings, Corinthian College made a series of statements regarding its operations, financial performance, growth, revenues, student repayment rates, eligibility under federal loan programs and internal controls, which were materially false and misleading when made, and were known by defendants to be false or were made recklessly with disregard as to their truth. The Company's statements were false and misleading because, among others reasons:

- It was not true that the Company's purported success was the result of competent and compliant management. In fact, the Company had propped up its results by fraudulently inducing students to enroll in its scholastic/educational programs and engaged in other manipulative accounting and recruiting tactics which defendants knew, or recklessly disregarded, could not be maintained.

- Unbeknownst to investors, the Company materially overstated its performance and prospects by failing to properly disclose that defendants had engaged in illicit and improper recruiting activities and accounting, which had the effect of artificially inflating its reported results and future growth prospects.

- The Company failed to truthfully and accurately report on the repayment rates of its enrollees and/or default rates of its loans and the associated trends which impact its eligibility under federal loan programs on which most of its revenues are derived.

- The Company did not have adequate systems of internal operational or financial controls, so that its reported operational statements and foreseeable growth prospects were not true, accurate or reliable.

- The Company lacked any reasonable basis to claim that its past performance was the result of compliant and competent management and that it was operating according to plan and/or could achieve the guidance and projections sponsored and/or endorsed by defendants.

It was only after August 3, 2010, however, that investors finally began to learn the truth about Corinthian College after the United States General Accounting Office ("GAO") issued a report and congressional hearings were held. The GAO Report and testimony at the congressional hearings revealed that for-profit educational institutions like Corinthian College had engaged in an illegal and fraudulent course of action designed to recruit students and overcharge the federal government for the cost of such education.

Shortly thereafter, the U.S. Department of Education released data showing the loan repayment rates for Corinthian College enrollees were below the level required for federal loan program eligibility; and Corinthian College disclosed that its default rates had significantly increased.

Following these disclosures, shares of the Company collapsed -- falling almost 20% in the next week as this news reached the market.

The damages and losses suffered by Plaintiff and other class members were a direct result of the Company's fraudulent scheme to artificially inflate the price of its securities and the subsequent significant decline in the value of the Company's shares when defendants' prior misstatements and fraudulent conduct was revealed.

## 3. ARGUMENT

### A.    The PSLRA's Lead Plaintiff Provisions

Under the PSLRA, a person or group of persons seeking to serve as lead plaintiff must fulfill certain procedural prerequisites prior to being appointed to serve in such a capacity. Plaintiffs who commence securities class actions must publish a notice to the class, within twenty

days of filing the action, informing class members of the pendency of the action and their right to file a motion for appointment as lead plaintiff.  *See* 15 U.S.C. §78u-4(a)(3)(A)(i).  Within sixty days after that publication of notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as Lead Plaintiffs.  *Id.*

On August 31, 2010  the first action alleging violations of federal securities laws by Corinthian College was filed, and the initial notice was published on or about September 1, 2010. A copy of this notice is attached as Exhibit C to the Glenn Declaration.  The instant motion is timely because it is filed within sixty days after publication of the initial notice.

**B.**    **The Grund Plaintiff Is The "Most Adequate Plaintiff"**

The PSLRA also provides that within 90 days after publication of the notice, courts shall consider any motion made by a class member and shall appoint as lead plaintiff the member of the class that the court determines to be most capable of adequately representing the interests of class members.  15 U.S.C. §78u-4(a)(3)(B)(i).  In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> > (aa) has either filed the complaint or made a motion in response to a notice …;
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

The Grund Plaintiff is entitled to this presumption and is demonstrably the most adequate plaintiff.

    **1)    The Grund Plaintiff Has Made A Timely Motion For Appointment as Lead Plaintiff**

The Grund Plaintiff has fulfilled the first prong of the test for most adequate plaintiff. She is willing to serve as representative on behalf of the Class, and has timely filed this motion. *See* Glenn Declaration Exhibit A.

    **2)    The Grund Plaintiff Is Believed To Have The Largest Financial Interest**

The second prong of the test for the "most adequate plaintiff" requires the Court to appoint as lead plaintiff the class member who "has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); *see In Re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002).

The Grund Plaintiff believes that she has the largest financial interest in the relief sought by the Class. On May 23, 2010, she purchased 1000 shares of Corinthian Colleges at $16.02 per share, for a total cost of $16,207. As of August 19, 2010, the end of the Class Period, she was holding 1000 shares of Corinthian Colleges worth $5.40 per share. She sustained a loss from this investment of $10,620 which occurred as a result of the Defendants' false and misleading statements and other alleged misconduct. Grund is unaware of any person who has a larger financial interest in the relief sought by the Class. A schedule of the purchases and sales of the Grund Plaintiff is attached as Exhibit B to the Glenn Declaration.

    **3)    The Grund Plaintiff Otherwise Satisfies Rule 23**

The PSLRA further requires that the proposed lead plaintiff must also "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally requires that the claims of representative parties be typical of the claims of the class and that the representatives will fairly and adequately protect the

interests of the class. *See* Fed.R.Civ.P. 23; *Constance Sczensy Trust v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004). The adequacy requirement is met if no conflicts exist between the representative and class interests, and the representative's attorneys are qualified, experienced and generally able to conduct the litigation. Fed.R.Civ.P. 23(a)(4). As detailed below, the Grund Plaintiff satisfies the typicality and adequacy requirements of Rule 23(a).

Here, the Grund Plaintiff meets the typicality and adequacy requirements because she purchased common stock in Corinthian Colleges during the Class Period in reliance upon the false and misleading statements issued by Defendants and suffered damages thereby, as did other members of the purported class. The Grund Plaintiff was a retail investor who purchased and held onto her shares as opposed to an active trader. She is the most appropriate representative of the class victims. She shares common interests and is very similarly situated to the other victim investors. Additionally, the Grund Plaintiff is not subject to any unique defenses and there is no evidence of any conflicts between the Grund Plaintiff and the other class members.

Finally, as shown below, the Grund Plaintiff's proposed lead counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus the Grund Plaintiff satisfies the prima facie showing of the typicality and adequacy requirements of Fed.R.Civ.P. 23 for the purposes of this Motion.

### C.    The Court Should Approve the Grund Plaintiff's Selection of Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *In Re Cavanaugh, supra,* 306 F.3d at 732-753. Because the Grund Plaintiff has selected and retained counsel experienced in litigating securities fraud class actions with the resources to prosecute this action to the greatest recovery possible for the class, her

1    choice of lead counsel should be approved.  The following paragraphs summarize some of

2    Zamansky & Associates LLC's significant achievements, all as more fully described in Exhibit D

3    (Zamansky Resume) attached to the Glenn Declaration.

4

5          Zamansky & Associates LLC is a securities litigation firm founded in March 1998 which

6    specializes in representing aggrieved investors and employees on Wall Street.  Mr. Zamansky has

7    30 years of litigation experience and is a leading authority on securities law and securities

8    arbitration law.  Mr. Zamansky is a former litigator at Skadden, Arps, Slate, Meagher and Flom

9    LLP and was a federal prosecutor with the Federal Trade Commission.

10         Mr. Zamansky has been at the forefront of efforts to "clean up" Wall Street.  In 2001, he

11    successfully sued former Merrill Lynch analyst Henry Blodget on behalf of a New York

12    pediatrician misled by Blodget's stock research.  The case's successful resolution was the catalyst

13    for New York Attorney General Elliot Spitzer to investigate the conflicts of interest on Wall Street

14    and resulted in the well-reported $1.4 billion Global Settlement, which included many of the

15    biggest names on Wall Street.

16

17         Mr. Zamansky further has represented numerous investors, ponzi scheme victims,

18    shareholders, financial advisors and others in claims seeking to recover from investment fraud.

19         The Zamansky firm has been instrumental in numerous notable litigations, including:

20

21    •   *In re: Pro Shares Securities Trust Litigation,*, U.S.D.C. Southern District of New York, 09-cv-0935—appointed co-lead counsel representing plaintiff class members in a securities fraud claim involving false and misleading registration statements and prospectuses for 31 separate, leveraged exchange traded funds or ETFs with a total market capitalization of approximately $8 billion at the end of the class period..

22

23

24    •   *Brecher, et al. v. Citigroup, Inc. et al.*, U.S.D.C. Southern District of New York, 09-cv-7359 (SHS)—appointed co-lead counsel for plaintiff class of over 20,000 Citigroup financial advisors who invested in company stock and options through its Financial Advisor Capital Accumulation Plan, for securities fraud in relation to the firm's failure to disclose $55 billion in subprime disclosure and other structured investment vehicle exposure.

25

26

27

28

1   • *Sullivan, et al. v. Agape World, Inc. et al.*, U.S.D.C. Eastern District of New York, 09-cv-
2      1274—appointed co-lead counsel representing plaintiff class members in $400 million
       Ponzi scheme against bank for aiding and abetting breaches of fiduciary duty.

3   • *Sternfeld, et al. v. Fiserv Inc. et al.*, U.S.D.C. Southern District of New York, 09-cv-
4      5400—appointed co-lead counsel representing plaintiff class members who were victims
       of the $85 million Ponzi scheme by Edward Stein against Defendants for violation of their
5      duties as IRA Trust customers.

6   • *Grund, et al. v. Delaware Charter Guarantee and Trust Company d/b/a
7      Principal Trust Company, et al.*, U.S.D.C. Southern District of New York, 09-cv-8025—
       appointed co-lead counsel representing plaintiff class members who were victims of the
8      $165 million Ponzi scheme by James Nicholson against Defendants for violation of their
       duties as IRA Trust customers.
9
    • *Bear Stearns' High Grade Structured Credit Strategies Fund L.P. and Enhanced Fund LP
10     Litigation*—representation of investors with over $40 million in combined claims resulting
11     from the collapse of these two hedge funds which alleged misrepresentation of the credit
       ratings and subprime disclosure.
12
       The Grund Plaintiff respectfully submits that appointment of Zamansky & Associates LLC
13
14  as lead counsel will provide the class with the highest caliber of legal representation available.

15                              **4. CONCLUSION**

16       For of the foregoing reasons, the Grund Plaintiff respectfully requests that the Court grant

17  her motion for appointment as Lead Plaintiff and approval of the counsel she has selected as Lead

18  Counsel for all plaintiffs and class members in connection with these proceedings.

19  Dated:  October 29, 2010
20
                                    Respectfully submitted,
21
22                                  By:  /S/ *Jonathan A. Boynton*
                                    Michael L. Kirby
23                                  Jonathan A. Boynton
                                    KIRBY NOONAN LANCE & HOGE LLP
24                                  350 Tenth Avenue, 13th Floor
25                                  San Diego, California  92101-8700
26
27
28

KNLH\781785.2                        -8-                       10-CV-6523 GHK (RCX)

1   Jacob H. Zamansky
2   Edward H. Glenn, Jr.
    ZAMANSKY & ASSOCIATES LLC
3   50 Broadway, 32nd Floor
    New York, NY 10004
4   Telephone: (212) 742-1414
    Facsimile:   (212) 742-1177
5
6   Counsel for Proposed Lead Plaintiff
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KNLH\781785.2                    -9-                    10-CV-6523 GHK (RCX)