BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP
DAVID R. STICKNEY   (Bar No. 188574)
(davids@blbglaw.com)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:   (858) 793-0323
      -and-
GERALD H. SILK
(jerry@blbglaw.com)
AVI JOSEFSON
(avi@blbglaw.com)
1285 Avenue of the Americas
New York, NY 10019
Tel:   (212) 554-1400
Fax:   (212) 554-1444

GRANT & EISENHOFER P.A.
JAY W. EISENHOFER
(jeisenhofer@gelaw.com)
GEOFFREY C. JARVIS
(gjarvis@gelaw.com)
485 Lexington Ave 29th Floor
New York, New York 10017
Tel:   (646) 722-8500
Fax:   (646) 722-8501

*Counsel for the Arkansas Teacher Retirement System and the Northamptonshire County Council Pension Fund, and Proposed Lead Counsel for the Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| JIMMY ELIAS KARAM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CORINTHIAN COLLEGES, INC., JACK P. MASSIMINO, PETER C. WALLER, MATTHEW A. OUIMET, and KENNETH S. ORD,<br><br>Defendants. | Case No. 10-CV-6523-GHK (RCx)<br><br>NOTICE OF MOTION, MOTION, AND MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE ARKANSAS TEACHER RETIREMENT SYSTEM AND THE NORTHAMPTIONSHIRE COUNTY COUNCIL PENSION FUND FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF THEIR SELECTION OF CO-LEAD COUNSEL<br><br>Date:   December 6, 2010<br>Time:   9:30 a.m.<br>Courtroom:   650<br>Judge:   Hon. George H. King |

# **NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that the Arkansas Teacher Retirement System ("Arkansas Teachers") and the Northamptonshire County Council Pension Fund ("Northamptonshire") will hereby move, on Monday, December 6, 2010, at 9:30 a.m., in Courtroom 650 of the United States Courthouse, 255 East Temple Street, Los Angeles, California 90012, for an order: (1) appointing Arkansas Teachers and Northamptonshire as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4, *et seq*.; and (2) approving their selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") and Grant & Eisenhofer P.A. ("Grant & Eisenhofer") as Co-Lead Counsel for the Class.

This Motion is made on the grounds that Arkansas Teachers and Northamptonshire timely filed this Motion, and are the "most adequate plaintiff[s]" by virtue of possessing the largest financial interest in the relief sought by the Class. Arkansas Teachers and Northamptonshire also meet the requirements of Rule 23 of the Federal Rules of Civil Procedure because their claims are typical of the claims of the other class members, and Arkansas Teachers and Northamptonshire will fairly and adequately represent the Class.

Further, Arkansas Teachers and Northamptonshire seek this Court's approval of their selection of Bernstein Litowitz and Grant & Eisenhofer − two experienced securities class action law firms that have successfully prosecuted securities class actions, individually and together, before this Court and around the country − to serve as Co-Lead Counsel for the Class, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................... iii

I.    PRELIMINARY STATEMENT ................................................................... 1

II.   STATEMENT OF FACTS ............................................................................ 2

III.  ARGUMENT .................................................................................................. 4

      A.    The Arkansas Teacher Retirement System And The Northamptonshire County Council Pension Fund Should Be Appointed Lead Plaintiff ............................................................................. 4

           1.    The Arkansas Teacher Retirement System And The Northamptonshire County Council Pension Fund Believe That They Have The Largest Financial Interest In The Relief Sought By The Class ................................................................. 5

           2.    The Arkansas Teacher Retirement System And The Northamptonshire County Council Pension Fund Are An Appropriate Lead Plaintiff Group ................................................. 5

           3.    The Arkansas Teacher Retirement System And The Northamptonshire County Council Pension Fund Otherwise Satisfy The Requirements of Rule 23 ........................................................................................ 6

      B.    The Court Should Approve The Arkansas Teacher Retirement System's And The Northamptonshire County Council Pension Fund's Selection Of Co-Lead Counsel ..................................................... 9

IV.  CONCLUSION ............................................................................................ 11

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Armour v. Network Assocs.*,
  171 F. Supp. 2d 1044 (N.D. Cal. 2001) ................................................................ 8

*Bowman v. Legato Sys.*,
  195 F.R.D. 655 (N.D. Cal. 2000) .......................................................................... 8

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ................................................................................ 5

*Ferrari v. Gisch*,
  225 F.R.D. 599 (C.D. Cal. 2004) ...................................................................... 6, 8

*Mohanty v. BigBand Networks, Inc.*,
  2008 WL 426250 (N.D. Cal. Feb 14, 2008) ......................................................... 5

*Plichta v. SunPower Corp.*,
  No. 09 Civ. 05473, ECF No. 70 (N.D. Cal. March 5, 2010) ............................... 6

*Takeda v. Turbodyne Techs., Inc.*,
  67 F. Supp. 2d 1129 (C.D. Cal. 1999) ............................................................. 5, 7

*Tanne v. Autobytel, Inc.*,
  226 F.R.D. 659 (C.D. Cal. 2005) ................................................................. 4, 5, 7

*In re Versata, Inc. Sec. Litig.*,
  2001 WL 34012374 (N.D. Cal. Aug. 20, 2001) ................................................... 6

*Yanek v. Staar Surgical Co.*,
  2004 WL 5574358 (C.D. Cal. Dec. 15, 2004) .................................................. 6, 7

**STATUTES, RULES & REGULATIONS**

15 U.S.C.
  § 78(j)(b) .............................................................................................................. 1
  § 78u-4 ......................................................................................................... passim
  § 78(t) .................................................................................................................. 1

Federal Rules of Civil Procedure
  Rule 23(a)(4) ................................................................................................ 2, 7, 8

# MEMORANDUM OF POINTS AND AUTHORITIES

The Arkansas Teacher Retirement System ("Arkansas Teachers") and the Northamptonshire County Council Pension Fund ("Northamptonshire") respectfully submit this memorandum in support of their motion: (1) to be appointed as Lead Plaintiff, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (2) for approval of their selection of the law firms of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") and Grant & Eisenhofer P.A. ("Grant & Eisenhofer") as Co-Lead Counsel for the Class.

## I. PRELIMINARY STATEMENT

Currently pending in this District is a class action ("the Action") brought on behalf of all persons who purchased common stock of Corinthian Colleges, Inc. ("Corinthian" or the "Company"), between October 30, 2007 and August 19, 2010 (the "Class Period"). The Action alleges violations of Sections 10(b) and 20(a) of the Exchange Act as amended by the PSLRA (15 U.S.C. §§ 78(j)(b) and 78(t)), and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), against Corinthian and certain of its executive officers. The Action was filed on August 31, 2010 by Jimmy Elias Karam. On September 1, 2010, Mr. Karam published notice of the pendency of his action to investors, which identified the statutory deadline for Corinthian investors to seek Lead Plaintiff status as November 1, 2010.[1]

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard,

---

[1] A copy of Mr. Karam's notice is attached as Exhibit A to the Declaration of David R. Stickney in Support of the Motion of Arkansas Teachers and Northamptonshire for Appointment as Lead Plaintiff, and Approval of Their Selection of Co-Lead Counsel (herein, the "Stickney Decl.").

the Court is required to determine which movant has the "largest financial interest" in the relief sought by the Class in this litigation and also makes a *prima facie* showing that it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). For the reasons set forth below, Arkansas Teachers and Northamptonshire believe that they are the "most adequate plaintiff[s]" by virtue of their substantial investment in Corinthian common stock. Specifically, Arkansas Teachers and Northamptonshire incurred losses totaling nearly $2.6 million in connection with their purchases of Corinthian common stock during the Class Period.[2] Arkansas Teachers and Northamptonshire further satisfy the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure as their claims are typical of the other class members and they will fairly and adequately represent the Class.

      In this regard, Arkansas Teachers and Northamptonshire have determined to jointly seek appointment as Lead Plaintiff for the benefit of the Class. Arkansas Teachers and Northamptonshire are sophisticated institutional investors and are therefore a paradigmatic Lead Plaintiff under the PSLRA. Lastly, Arkansas Teachers and Northamptonshire have selected Bernstein Litowitz and Grant & Eisenhofer, two law firms with substantial experience in prosecuting securities class actions, to serve as Co-Lead Counsel for the Class. Accordingly, Arkansas Teachers and Northamptonshire respectfully request that the Court appoint them as Lead Plaintiff and otherwise grant their motion.

II.    STATEMENT OF FACTS

      Corinthian, a Delaware Corporation based in Santa Ana, California, is one of the largest private, for-profit, post-secondary education companies in North

---

[2] Copies of the PSLRA-required Certifications of Arkansas Teachers and Northamptonshire are attached as Exhibit B to the Stickney Decl. In addition, charts setting forth calculations of the Arkansas Teachers's and Northamptonshire's losses are attached as Exhibit C to the Stickney Decl.

America. The Company services over 110,000 students in the United States and Canada, and offers a variety of degrees as well as training programs in healthcare, criminal justice, mechanical, trades, business, and information technology. Corinthian also allows students to take classes online either exclusively, or as a blended component of traditional classroom-based learning.

Throughout the Class Period, Corinthian executives misrepresented to investors that its surging growth was driven by its focus on improving student outcomes, retaining its best employees, and conducting effective advertising campaigns. The Company also explained that its admissions staff was well trained in regulatory compliance and that it strictly monitored its admissions staff to ensure it complied with government regulations. Corinthian also assured investors that its former students were not defaulting on federally funded student loans provided under Title IV at an excessive rate − an event that could cause the Company to become ineligible for federal student loan funding − because the Company implemented aggressive student loan default management programs, continuously emphasized to students the importance of timely meeting their loan obligations, and made substantial investments in student employment services.

Contrary to Corinthian's prior assurances regarding its student-oriented focus and compliance with government regulations, on August 3, 2010, the Government Accountability Office released a report indicating that Corinthian's recruitment process was purposefully designed to utilize deceptive practices and employed lax oversight to drive up enrollment by any means necessary, regardless of the impact on students. Specifically, according to the Government Accountability Office report, recruiters at Corinthian schools encouraged its students to defraud the federal government by falsifying financial aid forms to qualify for federal aid. Additionally, the recruiters, in violation of federal regulations, are alleged to have exaggerated potential post-graduation salaries to prospective students, and failed to provide clear information regarding program

duration, costs, and graduation rates. Disclosure of these facts caused Corinthian's common stock to decline over 16%.

Then, on August 13, 2010, the Department of Education released student loan repayment data illustrating that – contrary to Corinthian's public statements – Corinthian's student loan repayment rates were well below the level required for federal loan program eligibility, with several campuses reporting repayment rates below ten percent. This revelation caused Corinthian's common stock to plunge 22%.

Finally, on August 20, 2010, the Company confessed that its former students were defaulting on their federal student loans at a substantially higher rate than in the past, and that several of its schools could become ineligible to receive federal student loans under newly proposed regulations. This disclosure caused Corinthian's common stock to fall an additional 17%.

III. ARGUMENT

The PSLRA governs the selection of the Lead Plaintiff in class actions brought under the federal securities laws. *See* 15 U.S.C. § 78u-4; *see also Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 664-65 (C.D. Cal. 2005). Under the PSLRA, any member of the class may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A). Arkansas Teachers and Northamptonshire satisfied this deadline by making this motion within 60 days of the publication of notice of the first filed Action on September 1, 2010.

### A. The Arkansas Teacher Retirement System And The Northamptonshire County Council Pension Fund Should Be Appointed Lead Plaintiff

Arkansas Teachers and Northamptonshire respectfully submit that they should be appointed Lead Plaintiff because they are the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA establishes a presumption that the "most adequate

plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Autobytel*, 226 F.R.D. at 664; *In re Cavanaugh*, 306 F.3d 726, 729-730 (9th Cir. 2002) ("[T]he district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit."); *Mohanty v. BigBand Networks, Inc.*, No. C 07-5101 SBA, 2008 WL 426250, at *3-*4 (N.D. Cal. Feb 14, 2008).

1. **The Arkansas Teacher Retirement System And The Northamptonshire County Council Pension Fund Believe That They Have The Largest Financial Interest In The Relief Sought By The Class**

Arkansas Teachers and Northamptonshire should be appointed as Lead Plaintiff because they believe they have the largest financial interest in the relief sought by the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Cavanaugh*, 306 F.3d at 730; *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1134 (C.D. Cal. 1999). As demonstrated herein, Arkansas Teachers and Northamptonshire sustained losses of approximately $2.6 million in their transactions in Corinthian common stock. *See* Stickney Decl. at Exhibits B and C. To the best of Arkansas Teachers's and Northamptonshire's knowledge, there are no other applicants who have sought, or are seeking, appointment as Lead Plaintiff that have a larger financial interest arising from transactions in Corinthian common stock. Accordingly, Arkansas Teachers and Northamptonshire believe they have the largest financial interest of any qualified movant seeking appointment as Lead Plaintiff.

2. **The Arkansas Teacher Retirement System And The Northamptonshire County Council Pension Fund Are An Appropriate Lead Plaintiff Group**

The appointment of a group of class members as the Lead Plaintiff is expressly permitted by the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), and courts in this District and others have recognized the propriety of appointing such groups.

*See, e.g., Yanek v. Staar Surgical Co.*, Nos. CV 04-8007 SJO (CWx), CV 04-8263 SJO (CWx), CV 04-8613 SJO (CWx), 2004 WL 5574358, at *4 (C.D. Cal. Dec. 15, 2004); *see also Ferrari v. Gisch*, 225 F.R.D. 599, 608-09 (C.D. Cal. 2004) (finding a lead plaintiff group composed of three members to be "manageable in number"); *In re Versata, Inc. Sec. Litig.*, No. C 01-1439 SI, C 01-1559 SI, C 01-1703 SI, C 01-1786 SI, 2001 WL 34012374, at *6 (N.D. Cal. Aug. 20, 2001) ("This Court therefore finds that under appropriate circumstances small groups, whether or not they have any pre-litigation relationship, can aggregate their financial losses."); *Plichta v. SunPower Corp.*, No. 09 Civ. 05473, ECF No. 70 (N.D. Cal. March 5, 2010) (appointing U.S. and foreign institutional investors as co-lead plaintiffs).[3]

Here, Arkansas Teachers and Northamptonshire determined to jointly seek appointment as Lead Plaintiff to provide the Class with strong and diverse leadership. As a result of their shared goals and desire to work together as sophisticated and experienced institutional investors, Arkansas Teachers and Northamptonshire authorized counsel to seek joint appointment as Lead Plaintiff and, if appointed, to jointly lead this litigation to achieve those shared goals and objectives. Because Arkansas Teachers and Northamptonshire are a small, cohesive group of institutional investors with the capacity to reach consensus decisions, their financial interests are properly aggregated for purposes of this motion.

### 3. The Arkansas Teacher Retirement System And The Northamptonshire County Council Pension Fund Otherwise Satisfy The Requirements of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, Arkansas Teachers and Northamptonshire also satisfy the requirements

---

[3] A copy of the Order Consolidating Related Actions, Appointing the Institutional Investor Funds as Lead Plaintiff, and Approving Their Selection of Lead Counsel is attached as Exhibit F to the Stickney Decl.

of Rule 23 of the Federal Rules of Civil Procedure. On a motion to be appointed Lead Plaintiff, the movant must only make a preliminary showing that it satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedure 23. *See Autobytel*, 226 F.R.D. at 666; *Takeda,* 67 F. Supp. 2d at 1136 ("A wide-ranging analysis under Rule 23 is not appropriate [at the initial stage of the litigation] and should be left for consideration on a motion for class certification . . . There is no need to require anything more than a preliminary showing at this stage.") (citations omitted). Here, Arkansas Teachers and Northamptonshire unquestionably satisfy both requirements.

Arkansas Teachers's and Northamptonshire's claims are typical of the claims of other purchasers of Corinthian common stock. Under the typicality test, "representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Autobytel*, 226 F.R.D. at 666-67 (*citing to Takeda*, 67 F. Supp. 2d at 1136). When considering whether a plaintiff has satisfied the typicality requirement, courts consider whether the named plaintiff's individual circumstances or legal theory upon which the claims are based are markedly different from the other class members. *Autobytel,* 226 F.R.D. at 666-67. Arkansas Teachers's and Northamptonshire's circumstances and legal claims in this action are substantially identical to the individual circumstances and legal claims of the other class members. Like all class members, Arkansas Teachers and Northhamptonshire (1) purchased Corinthian common stock during the Class Period; (2) at prices allegedly artificially inflated by defendants' materially false and misleading statements and/or omissions; and (3) were damaged thereby. *See id.* at 667; *see also Yanek*, 2004 WL 5574358, at *6 (ruling that movants' claims were typical because like all class members, plaintiffs were harmed when defendants allegedly publicly disseminated a series of false and misleading statements concerning business prospects.). Accordingly, Arkansas Teachers and Northamptonshire are typical class representatives.

Arkansas Teachers and Northamptonshire likewise satisfy the adequacy requirement of Rule 23. Under Fed. R. Civ. P. 23(a)(4), the representative party must "fairly and adequately protect the interests" of all class members. *Gisch*, 225 F.R.D. at 607. Representation is "adequate" when the Lead Plaintiff's interests are "not antagonistic to the interests of absent class members," the action is unlikely to be collusive, class counsel is competent, and the class representative is willing to "vigorously prosecute" the case. *Id*. (citations omitted). Arkansas Teachers and Northamptonshire satisfy these elements because their interests are perfectly aligned with those of the other class members and are not antagonistic in any way. There are no facts to suggest any actual or potential conflict of interest or other antagonism between Arkansas Teachers, Northamptonshire, and other class members. Arkansas Teachers and Northamptonshire each submitted a Certification affirming their understanding of the duties owed to class members through their commitment to oversee the prosecution of this class action. *See* Stickney Decl. at Exhibit B. Through those Certifications, Arkansas Teachers and Northamptonshire accept the fiduciary obligations they will assume if appointed Lead Plaintiff in this action. *Id*.

Further, Arkansas Teachers and Northamptonshire are the very sort of Lead Plaintiff envisioned by Congress in its enactment of the PSLRA – sophisticated institutional investors with a real financial interest in the litigation. *See* H.R. Conf. Rep. No. 104-369, at 34, 104th Cong. 1st Sess. (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 690 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit the class and assist the courts by improving the quality of representation in securities class actions"); *see also Armour v. Network Assocs.*, 171 F. Supp. 2d 1044, 1051 (N.D. Cal. 2001) (*citing Bowman v. Legato Sys.*, 195 F.R.D. 655, 657 (N.D. Cal. 2000)) ("As an institutional investor with a large financial stake in the outcome of this litigation, [Movant] 'is exactly the type of lead plaintiff envisioned by Congress when it

instituted the lead plaintiff requirements.'"). Additionally, Arkansas Teachers has experience supervising counsel in complex litigation and has successfully served as Lead Plaintiff in several instances. *See In re Williams Securities Litigation*, 02-cv-00072 (N.D. Okla.) ($311 million settlement).

Finally, Arkansas Teachers and Northamptonshire have demonstrated their adequacy through their selection of Bernstein Litowitz and Grant & Eisenhofer to represent the Class. As discussed more fully below, Bernstein Litowitz and Grant & Eisenhofer are highly qualified and experienced in the area of securities class action litigation and have repeatedly demonstrated an ability to conduct complex securities class action litigation effectively.

B. The Court Should Approve The Arkansas Teacher Retirement System's And The Northamptonshire County Council Pension Fund's Selection Of Co-Lead Counsel

The Court should approve Arkansas Teachers's and Northamptonshire's choice of Bernstein Litowitz and Grant & Eisenhofer to serve as Co-Lead Counsel. Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), a movant shall, subject to Court approval, select and retain counsel to represent the class they seek to represent, and the Court should not disturb Lead Plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Arkansas Teachers and Northamptonshire have retained Bernstein Litowitz and Grant & Eisenhofer as proposed Co-Lead Counsel.

Bernstein Litowitz and Grant & Eisenhofer are among the preeminent securities class action law firms in the country, having been appointed sole or co-lead counsel in numerous complex securities class actions in this District and around the country. *See, e.g.*, Bernstein Litowitz's Firm Biography attached as Exhibit D to the Stickney Decl.; Grant & Eisenhofer's Firm Biography attached as Exhibit E to the Stickney Decl.

Bernstein Litowitz served as co-lead counsel in *In re WorldCom, Inc. Securities Litigation* (S.D.N.Y.), in which settlements totaling in excess of $6 billion – one of the largest recoveries in securities class action history – were obtained for the class. Bernstein Litowitz also served as co-lead counsel in *In re McKesson HBOC, Inc. Securities Litigation* (N.D. Cal.), in which Bernstein Litowitz helped obtain a $960 million settlement from the issuer defendant – the single largest settlement of any securities class action within the courts of the Ninth Circuit – and an additional $72 million from the defendant auditor and $10 million from the investment banking defendant. Bernstein Litowitz is currently serving as lead counsel in the *Toyota* and *New Century* securities class actions in this District and, since the enactment of the PSLRA, Bernstein Litowitz has served as lead or co-lead counsel in numerous other successful securities class actions in federal district courts within the Ninth Circuit, including *In re International Rectifier Corp. Securities Litigation* (C.D. Cal.); *In re Gemstar-TV Guide International Securities Litigation* (C.D. Cal.), *In re Legato Systems Inc. Securities Litigation* (N.D. Cal.), and *In re Network Assoc. Securities Litigation* (N.D. Cal.). Other recent cases in which Bernstein Litowitz has been recognized as an appropriate lead or co-lead counsel since the passage of the PSLRA include, for example, *In re Bank of America Securities Litigation* (S.D.N.Y.) and *In re Refco, Inc. Securities Litigation* (S.D.N.Y.). *See* Stickney Decl. at Exhibit D.

Similarly, Grant & Eisenhofer has been lead counsel in several of the largest securities class actions in history, including *In re Tyco International Limited Securities Litigation* (D.N.H.), in which a $2.975 billion settlement was achieved on behalf of the class, and *In re Global Crossing, Limited Securities & "ERISA" Litigation* (S.D.N.Y.), where settlements exceeded $345 million. Most recently, Grant & Eisenhofer resolved securities litigation pending against Marsh & McLennan for $400 million. Grant & Eisenhofer also has experience taking securities class actions to trial, having served as sole lead counsel in *In re Safety-*

*Kleen Bondholders Litigation* (D.S.C.), which went to a jury trial and ended in judgments as a matter of law against two of the company's executives for nearly $200 million, and settlements with the remaining defendants shortly before closing arguments. *See* Stickney Decl. at Exhibit E.

Accordingly, the Court should approve Arkansas Teachers's and Northamptonshire's selection of Bernstein Litowitz and Grant & Eisenhofer to serve as Co-Lead Counsel for the Class.

## IV.  CONCLUSION

As explained above, Arkansas Teachers and Northamptonshire are the "most adequate plaintiff[s]" under the PSLRA. Arkansas Teachers and Northamptonshire believe they have the "largest financial interest" arising out of the purchase of Corinthian common stock and satisfy the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure. Accordingly, Arkansas Teachers and Northamptonshire respectfully request that the Court: (1) appoint Arkansas Teachers and Northamptonshire as Lead Plaintiff; and (2) and approve their selection of Bernstein Litowitz and Grant & Eisenhofer as Co-Lead Counsel for the Class.

Dated: November 1, 2010

Respectfully submitted,

BERNSTEIN LITOWITZ BERGER
 & GROSSMANN LLP

*/s/ David R. Stickney*
DAVID R. STICKNEY

DAVID R. STICKNEY
(davids@blbglaw.com)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:  (858) 793-0323
-and-


GERALD H. SILK
(jerry@blbglaw.com)
AVI JOSEFSON
(avi@blbglaw.com)
1285 Avenue of the Americas, 38th Floor
New York, NY 10019
Tel: (212) 554-1400
Fax: (212) 554-1444

GRANT & EISENHOFER P.A.
JAY W. EISENHOFER
(jeisenhofer@gelaw.com)
485 Lexington Ave 29th Floor
New York, New York 10017
Tel: (646) 722-8500
Fax: (646) 722-8501

GEOFFREY C. JARVIS
(gjarvis@gelaw.com)
485 Lexington Ave 29th Floor
New York, New York 10017
Tel: (646) 722-8500
Fax: (646) 722-8501

*Counsel for the Arkansas Teacher Retirement System and the Northamptonshire County Council Pension Fund, and Proposed Co-Lead Counsel for the Class*