1   ABRAHAM, FRUCHTER
       & TWERSKY, LLP
2   IAN D. BERG   (Bar No. 263586)
    12526 High Bluff Drive, Suite 300
3   San Diego, CA 92130
    Tel:   (858) 792-3448
4   Fax:   (858) 792-3449
    *iberg@aftlaw.com*
5
    *Counsel for Puerto Rico GERS*
6   *Group and Proposed Lead Counsel*

7

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10  JIMMY ELIAS KARAM, Individually and On Behalf of All Others Similarly Situated, | Case No. CV 10-03451-LHK |
| 11 | |
| 12                      Plaintiffs, | NOTICE OF MOTION, MOTION, AND MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF PUERTO RICO GERS GROUP FOR APPOINTMENT AS LEAD PLAINTIFF; APPROVAL OF ITS SELECTION OF LEAD COUNSEL; AND CONSOLIDATION OF ALL RELATED ACTIONS |
| 13          v. | |
| 14  CORINTHIAN COLLEGES, INC., JACK P. MASSIMINO, PETER C. WALLER, MATTHEW A. OUIMET, and KENNETH S. ORD, | |
| 15 | |
| 16                      Defendants. | |
| 17 | |
| 18 | Date:       November 29, 2010 Time:       9:30 a.m. Courtroom:  650 Roybal Judge:      George H, King |
| 19 | |
| 20  NEAL J. TOTTEN, Individually and On Behalf of All Others Similarly Situated, | Case No. CV 10-8212-MRP-AGRx |
| 21 | |
| 22 | |
| 23                      Plaintiffs, | |
| 24          v. | |
| 25  CORINTHIAN COLLEGES, INC., JACK P. MASSIMINO, PETER C. WALLER, MATTHEW A. OUIMET, and KENNETH S. ORD, | |
| 26 | |
| 27                      Defendants. | |

28

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Puerto Rico Government Employees and Judiciary Retirement Systems Administration ("Puerto Rico GERS"), Mathew M. Hawes, Santiago Rocha, and Jimmy Elias Karam (collectively, the "Puerto Rico GERS Group") will hereby move, on November 29, 2010, at 9:30 a.m., in Courtroom 650 of the United States Courthouse, 255 East Temple Street, Los Angeles, California 90012, for an order: (1) appointing the Puerto Rico GERS Group as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.* ("PSLRA"); (2) approving its selection of Abraham, Fruchter & Twersky, LLP ("Abraham, Fruchter & Twersky") as Lead Counsel; and (3) for consolidation of all related actions pursuant to Federal Rule of Civil Procedure 42(a).

This Motion is made on the grounds that the Puerto Rico GERS Group timely filed this Motion, and is the "most adequate plaintiff" by virtue of possessing the largest financial interest of all purchasers of Corinthian Colleges, Inc. ("Corinthian Colleges") securities during the period between October 30, 2007 and August 19, 2010, inclusive (the purported "Class Period," as alleged).  The Puerto Rico GERS Group also meets the requirements of Rule 23 of the Federal Rules of Civil Procedure because its claims are typical of the claims of other purchasers of Corinthian Colleges securities, and the Puerto Rico GERS Group will fairly and adequately represent the interests of the other purchasers of Corinthian Colleges securities.

Further, the Puerto Rico GERS Group has selected and retained Abraham, Fruchter & Twersky, an experienced and leading securities class action law firm that has been appointed sole or co-lead counsel in numerous complex securities class actions.  The Puerto Rico GERS Group thus seeks this Court's approval of its

selection of Abraham, Fruchter & Twersky as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

The PSLRA provides that any member of the purported class may file a motion to be appointed lead plaintiff within 60 days of publication of notice that the first action has commenced.  As such, the Puerto Rico GERS Group is unable to identify the opposing parties to its motion and thus requests a waiver of Local Rule 7-3 in regards to this Motion.

# <u>TABLE OF CONTENTS</u>

Page

TABLE OF AUTHORITIES ................................................................. ii

I.   PRELIMINARY STATEMENT ...................................................1

II.  STATEMENT OF FACTS .............................................................2

III. ARGUMENT.................................................................................4

    A.   The Puerto Rico GERS Group Should Be
        Appointed Lead Plaintiff..............................................................4

        1.   The Puerto Rico GERS Group Has
              The Largest Financial Interest In The
              Relief Sought......................................................................4

        2.   The Puerto Rico GERS Group Is An
              Appropriate Lead Plaintiff Group .....................................5

        3.   The Puerto Rico GERS Group
              Otherwise  Satisfies The
              Requirements Of Rule 23....................................................5

    B.   The Court Should Approve the Puerto Rico
        GERS Group's Selection Of Lead Counsel .........................................7

    C.   The Court Should Consolidate The Related
        Actions..........................................................................................8

IV.  CONCLUSION..............................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

C<small>ASES</small>

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ............................................................4,6

*In re Equity Funding Corp. of Am. Sec. Litig.*,
  416 F. Supp. 161 (C.D. Cal. 1976) ....................................................9

*Ferrari v. Gisch*,
  225 F.R.D. 599 (C.D. Cal. 2004)........................................................6

*In re Fuqi International Sec. Litig.*,
  No. 10 Civ. 2515-DAB (S.D.N.Y.) ....................................................7

*Hanon v. Dataproducts Corp.*,
  976 F.2d 497, 508 (9th Cir. 1992) ......................................................6

*Miller v. Ventro Corp.*,
  2001 WL 34497752 (N.D. Cal. Nov. 28, 2001) ..................................9

*Mohanty v. BigBand Networks, Inc.*,
  2008 WL 426250 (N.D. Cal. Feb. 14, 2008) ......................................9

*Plichta v. SunPower Corp.*,
  No. 9 Civ 5473, Dckt. No. 70 (N.D. Cal. Mar. 5, 2010). ...................5

*Richardson v. TVIA, Inc.*,
  2007 U.S. Dist. LEXIS 28406 (N.D. Cal. Apr. 16, 2007)...................6

*Schwartz v. Harp*,
  108 F.R.D. 279 (C.D. Cal. 1985).........................................................6

*Staton v. Boeing Co.*,
  327 F.3d 938 (9th Cir. 2003). ..............................................................7

*Tanne v. Autobytel, Inc.*,
  226 F.R.D. 659 (C.D. Cal. 2005)............................................. *passim*

*In re Versata, Inc. Sec. Litig.*,
  2001 WL 34012374 (N.D. Cal. Aug. 20, 2001). .................................5

*Yanek v. Staar Surgical Co.*,
  2004 U.S. Dist. LEXIS 30953 (C.D. Cal. Dec. 15,2004)....................5

S<small>TATUTES</small>, R<small>ULES</small> & R<small>EGULATIONS</small>

15 U.S.C. § 78(J)(B) .................................................................................1

15 U.S.C. § 78(t) ......................................................................................1

15 U.S.C. § 78u-4(a), et. seq.......................................................... *passim*

17 C.F.R. § 240.10b-5...............................................................................1

Fed. R. Civ. P. 23 ............................................................2,6,10

Fed. R. Civ. P. 42 ..............................................................7,8,9

## MEMORANDUM OF POINTS AND AUTHORITIES

Puerto Rico Government Employees and Judiciary Retirement Systems Administration ("Puerto Rico GERS"), Mathew M. Hawes, Santiago Rocha, and Jimmy Elias Karam (collectively, the "Puerto Rico GERS Group") respectfully submit this memorandum in support of their motion: (1) to be appointed as Lead Plaintiff, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (2) for approval of their selection of the law firm of Abraham, Fruchter & Twersky, LLP ("Abraham, Fruchter & Twersky") as Lead Counsel for the class; and (3) for consolidation of all related actions pursuant to Federal Rule of Civil Procedure 42(a).

## I.    PRELIMINARY STATEMENT

Currently pending in this District are two securities class actions, as captioned above, (the "Actions"), brought on behalf of all persons who purchased securities of Corinthian Colleges, Inc. ("Corinthian Colleges," or the "Company") between October 30, 2007 and August 19, 2010, inclusive (the "Class Period"). The Actions allege violations of Section 10(b) and 20(a) of the Exchange Act as amended by the PSLRA (15 U.S.C. §§ 78(J)(B) and 78(t)), and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), against Corinthian Colleges and certain of its executive officers.  The first of the Actions was initially filed on August 31, 2010, by shareholder Jimmy Elias Karam, with an amended complaint filed on September 1, 2010.  On September 1, 2010, Mr. Karam published notice of the pendency of the action to investors, which provided a deadline to seek Lead Plaintiff status by November 1, 2010.[1]

---

[1]  A copy of the notice issued by Mr. Karam is attached as Exhibit A to the Declaration of Ian D. Berg in Support of the Motion of Puerto Rico GERS Group for Appointment as Lead Plaintiff; Approval of Its Selection of Lead Counsel; and Consolidation of All Related Actions (herein, the "Berg Decl.").

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff[s]" to serve as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i).  In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the class in this litigation and also makes a *prima facie* showing that it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  For the reasons set forth below, the Puerto Rico GERS Group believes that it is the "most adequate plaintiff[s]" by virtue of its significant financial interest in Corinthian Colleges securities.  Specifically, the Puerto Rico GERS Group incurred aggregate losses of approximately $656,198.95 in connection with its purchases of Corinthian Colleges securities during the Class Period, as calculated under both the "First-In, First-Out" ("FIFO") and "Last-In, First-Out" ("LIFO") methods.[2]  The Puerto Rico GERS Group further satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure as its claims are typical of the other members of the proposed class, and it will fairly and adequately represent the class.

In this regard, the Puerto Rico GERS Group includes Puerto Rico GERS, a sophisticated institutional investor with experience serving as a lead plaintiff on behalf of a class of investors.  Moreover, the Puerto Rico GERS Group has selected and retained Abraham, Fruchter & Twersky, a law firm with substantial experience in prosecuting securities class actions, to serve as Lead Counsel for the class.  Accordingly, the Puerto Rico GERS Group respectfully requests that the Court appoint it as Lead Plaintiff and otherwise grant its motion.

II.   STATEMENT OF FACTS

Corinthian Colleges, based in Santa Ana, California, is a post-secondary education company in the United States and Canada, which offers a variety of

---

[2]  Copies of the Certifications of the Puerto Rico GERS Group members are attached to the Berg Decl. at Exh. B, excluding the Certification of Mr. Karam, which was filed previously.

diploma programs and associates, bachelors, and masters degrees through a single operating segment. Its training program areas include healthcare, criminal justice, mechanical, trades, business and information technology.

On February 2, 2010, Corinthian Colleges announced its second quarter results, reporting a substantial increase in profit.  However, during a conference call with market analysts that same day, the Company expressed concern over the potential affects of proposed government regulations on financial aid resources, specifically aimed to protect students from taking on debt that they would not be able to repay.  Following this disclosure, Morningstar released a report titled, "Corinthian's 2Q Profit Leaps, Reform Remains Concern."  That day, the price per share of Corinthian stock fell nearly 3%, on high trading volume, to close at $13.95.

Then, on May 27, 2010, the price per share of Corinthian Colleges stock fell another 3%, on high trading volume, after a report that the U.S. Department of Education was expected to in fact issue new proposed regulations that would cut financial aid to for-profit education programs if most of the students enrolled in the program do not earn enough money to repay their loans.  The reported purpose of the regulations would be to "protect students from enrolling in costly programs whose graduates end up with dead-end jobs or none at all."

On August 3, 2010, the U.S. General Accounting Office issued a report that concluded that for-profit educational institutions such as Corinthian Colleges had engaged in an illegal and fraudulent course of action designed to recruit students and overcharge the federal government for the cost of such education. Thereafter, a Congressional Committee launched an investigation of such practices; the U.S. Department of Education released data showing that the loan repayment rates for Corinthian Colleges enrollees were well below the level required for federal loan program eligibility; and the Company disclosed that its enrollee default rates had significantly increased, and were continuing to do so.  Following these disclosures,

the Company's stock fell from $9.25 on August 3, 2010 to close at $4.49 on August 20, 2010, a decrease of $4.76, or 52%.

III.   <u>ARGUMENT</u>

The PSLRA permits any member of the class to move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed.  *See* 15 U.S.C. § 78u-4(a)(3)(A).  The Puerto Rico GERS Group satisfies this deadline by making this motion.

A.   The Puerto Rico GERS Group
Should Be Appointed Lead Plaintiff

The Puerto Rico GERS Group respectfully submits that it should be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B).   The PSLRA establishes a presumption that the "most adequate plaintiff[s]" is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  *Id.*; *see also In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002); *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659 (C.D. Cal. 2005).

1.   The Puerto Rico GERS Group Has The
Largest Financial Interest In The Relief
Sought

The Puerto Rico GERS Group should be appointed Lead Plaintiff because it has the largest financial interest in the relief sought.   15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Cavanaugh*, 306 F.3d at 730.  As demonstrated herein, the Puerto Rico GERS Group has aggregate losses of approximately $656,198.95 (FIFO)/(LIFO) from the purchase of Corinthian Colleges securities.  *See* Berg Decl. at Exh. C; *see also Autobytel*, 226 F.R.D. at 666 (comparing losses of competing lead plaintiff movants).

To the best of the Puerto Rico GERS Group's knowledge, there are no other applicants who have sought, or are seeking, appointment as Lead Plaintiff that have a larger financial interest arising from the purchase Corinthian Colleges securities. Accordingly, the Puerto Rico GERS Group believes that it has the largest financial interest of any qualified movant seeking appointment as Lead Plaintiff.

2.       The Puerto Rico GERS Group Is An
Appropriate Lead Plaintiff Group

The appointment of a group of class members as Lead Plaintiff is appropriate, as courts in this District and others have recognized. *See e.g., Yanek v. Staar Surgical Co.*, 2004 U.S. Dist. LEXIS 30953, *15-*16 (C.D. Cal. Dec. 15, 2004) (collecting cases); *see also In re Versata, Inc. Sec. Litig.*, No. C 01-1439 SI, 2001 WL 34012374, at *6 (N.D. Cal. Aug. 20, 2001) ("This Court therefore finds that under appropriate circumstances small groups, whether or not they have any pre-litigation relationship, can aggregate their financial losses."); *Plichta v. SunPower Corp.*, No. 09 Civ. 05473, Dckt. No. 70, (N.D. Cal. March 5, 2010) (appointing U.S. and foreign institutional investors as co-lead plaintiffs).

Here, the Puerto Rico GERS Group is a small, cohesive group consisting of an institutional investor with prior experience serving as lead plaintiff and two individual investors who suffered substantial losses from their purchase of Corinthian Colleges securities. The members of the Puerto Rico GERS Group have determined to work together to best serve the interests of the class. Further, the members of the Puerto Rico GERS Group have agreed that at any time should it become necessary, Puerto Rico GERS has the authority to speak on behalf of the Puerto Rico GERS Group.

3.       The Puerto Rico GERS Group Otherwise
Satisfies The Requirements Of Rule 23

In addition to possessing the largest financial interest in the outcome of the

litigation, the Puerto Rico GERS Group also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  On a motion to serve as Lead Plaintiff, the movant must only make a preliminary showing that it satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedure 23.  *See Ferrari v. Gisch*, 225 F.R.D. 599, 606 (C.D. Cal. 2004) (citation omitted); *Richardson v. TVIA, Inc.*, No. 06-07307, 2007 U.S. Dist. LEXIS 28406, *15 (N.D. Cal. Apr. 16, 2007), *citing Cavanaugh*, 306 F.3d at 730; *Autobytel*, 226 F.R.D. at 666 ("A wide ranging analysis is not appropriate to determine whether the movant has made a prima facie showing that he satisfies the requirements of Rule 23, and should be left for consideration on a motion for class certification.") (internal quotations and citation omitted).  Here, the Puerto Rico GERS Group unquestionably satisfies both requirements.

The Puerto Rico GERS Group's claims are typical of the claims of other purchasers of Corinthian Colleges securities.  Generally, the test of typicality "is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct."  *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992), *citing Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985).  The Puerto Rico GERS Group's claims in this action arise from the very same course of conduct as the claims of the other members of the class – *i.e.*, the artificial inflation caused by defendants' false and misleading statements and consequent market correction of the price of Corinthian Colleges' publicly traded securities in response to the corrective disclosures. *See Autobytel*, 226 F.R.D. at 667.

The Puerto Rico GERS Group likewise satisfies the adequacy requirement of Rule 23.  Under Rule 23(a)(4), the representative parties must fairly and adequately protect the interests of the class.  This requirement is met if "there are no conflicts between the representative and class interests and the representative's

attorneys are qualified, experienced, and generally able to conduct the litigation." *Richardson*, 2007 U.S. Dist. LEXIS 28406, at *16 (citing Fed. R. Civ. P. 23(a)(4); *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003)).  The Puerto Rico GERS Group easily satisfies the elements of the adequacy requirement.  The Puerto Rico GERS Group's interests are perfectly aligned with those of the other members of the class and are not antagonistic in any way.  *See Autobytel*, 226 F.R.D. at 667. There are, furthermore, no facts suggesting that any actual or potential conflict of interest or other antagonism exists between the members of the Puerto Rico GERS Group and other class members.  Each member of the Puerto Rico GERS Group submitted a Certification, affirming their understanding of the duties owed to class members through their respective commitments to oversee the prosecution of this class action.  *See Berg Decl. at Exh. B.*   Through their Certifications, the Puerto Rico GERS Group members accept the fiduciary obligations they will assume if appointed Lead Plaintiff in this action.  *Id.*   Further, Puerto Rico GERS is a sophisticated institution with experience serving as lead plaintiff on behalf of a class of investors.  *See In re Fuqi International, Inc. Sec. Litig.*, Case No. 10-cv-2515-DAB (S.D.N.Y.).

Finally, the Puerto Rico GERS Group has demonstrated its adequacy through the selection of Abraham, Fruchter & Twersky to represent the class.  As discussed more fully below, Abraham, Fruchter & Twersky is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated an ability to conduct complex securities class action litigation effectively.

      **B.**     **The Court Should Approve the Puerto Rico GERS Group's Selection Of Lead Counsel**

The Court should approve the Puerto Rico GERS Group's choice of the law firm of Abraham, Fruchter & Twersky to serve as Lead Counsel.  Pursuant to 15

U.S.C. § 78u-4(a)(3)(B)(v), a movant shall, subject to Court approval, select and retain counsel to represent the class they seek to represent.  The Puerto Rico GERS Group has selected and retained the law firm of Abraham, Fruchter & Twersky.

Abraham, Fruchter & Twersky is among the preeminent securities class action law firms, with the skill and knowledge that will enable it to prosecute this action effectively and expeditiously.  *See* Berg Decl. at Exh. D (Abraham, Fruchter & Twersky Firm Biography).   Abraham, Fruchter & Twersky has successfully prosecuted numerous securities fraud class actions and obtained excellent results on behalf of defrauded investors around the country.  *Id.*

Accordingly, the Court should approve the Puerto Rico GERS Group's selection of Abraham, Fruchter & Twersky as Lead Counsel for the class.

C.   The Court Should Consolidate The Related Actions

Two related Actions are presently pending before this Court.  The Actions involve claims on behalf of Class members who purchased Corinthian Colleges securities on the open market during the Class Period.   The Actions assert essentially the same claims brought on behalf of purchasers of Corinthian Colleges securities for alleged violations of Sections 10(b) and 20(a) of the Exchange Act. The Actions name essentially the same defendants and allege substantially identical factual and legal issues.  Specifically, the pending actions are:

| CASE | NUMBER | DATE FILED |
|------|--------|------------|
| *Karam v. Corinthian Colleges, Inc. et al.* | 10-cv-6523 | 11/6/2009 |
| *Totten  v. Corinthian Colleges, Inc. et al.* | 10-cv-8212 | 10/29/2010 |

Rule 42 of the Federal Rules of Civil Procedure provides that "if actions pending before the court involve a common question of law or fact, the court may . . . consolidate the actions."  Fed. R. Civ. P. 42(a)(2).  The PSLRA requires that the question of consolidation be decided prior to the determination of the

appointment of Lead Plaintiff.  *See*, *e.g.*, *Mohanty v. BigBand Networks, Inc.*, No. 07-5101, 2008 WL 426250, at *2 (N.D. Cal. Feb. 14, 2008).  Under the PSLRA:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination [of appointment of lead plaintiff under §21D(a)(3)(B)] until after the decision on the motion to consolidate is rendered.

15 U.S.C. § 78u-4(a)(3)(B)(ii).

Consolidation pursuant to Rule 42 is proper and routinely granted in actions such as this, where there are common questions of law and fact.  *See*, *e.g.*, *Mohanty*, 2008 WL 426250, at *2.  Courts have recognized that class action shareholder suits are particularly suited to consolidation pursuant to Rule 42 because their unification expedites pretrial proceedings, reduces case duplication, avoids the harassment of parties and witnesses from inquiries in multiple proceedings, and minimizes the expenditure of time and money by all persons concerned.  *See*, *e.g.*, *Miller v. Ventro Corp.*, No. 01-1287, 2001 WL 34497752, at *2 (N.D. Cal. Nov. 28, 2001); *In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 176 (C.D. Cal. 1976).  Consolidating multi-shareholder class action suits not only simplifies pretrial and discovery motions, class action issues, and clerical and administrative management duties, but also reduces the confusion that may result from prosecuting related class actions separately.  *Id.*

Accordingly, the Court should enter an Order that consolidates the related cases and all future related cases with the instant action.

IV.   <u>CONCLUSION</u>

As set forth above, the Puerto Rico GERS Group is the "most adequate plaintiff."  The Puerto Rico GERS Group has the "largest financial interest" arising out of the purchase of Corinthian Colleges securities.  The Puerto Rico GERS

Group further satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure as adequate class representatives with claims typical of the other purchasers of Corinthian Colleges securities.  Accordingly, the Puerto Rico GERS Group respectfully requests that the Court: (1) appoint the Puerto Rico GERS Group as Lead Plaintiff; (2) approve the selection of Abraham, Fruchter & Twersky to serve as Lead Counsel; and (3) consolidate the related Actions.

Dated: November 1, 2010                    Respectfully submitted,

                                           ABRAHAM, FRUCHTER &
                                              TWERSKY, LLP


                                           _____/s/ Ian D. Berg_____
                                           IAN D. BERG

                                           IAN D. BERG (Bar No. 263586)
                                           12526 High Bluff Drive, Suite 300
                                           San Diego, CA 92130
                                           Tel:   (858) 792-3448
                                           Fax:   (858) 792-3449
                                           iberg@aftlaw.com

                                           - And -

                                           MITCHELL M.Z. TWERSKY
                                           One Penn Plaza, Suite 2805
                                           New York, NY 10119
                                           Tel:   (212) 279-5050
                                           Fax:   (212) 279-3655
                                           mtwersky@aftlaw.com

                                           *Counsel for Puerto Rico GERS Group and
                                           Proposed Lead Counsel*

                                           POMERANTZ HAUDEK GROSSMAN
                                              & GROSS LLP

                                           MARC I. GROSS
                                           JEREMY LIEBERMAN
                                           100 Park Avenue, 26th Floor
                                           New York, New York 10017
                                           Telephone: (212) 661-1100
                                           Facsimile:  (212) 661-8665
                                           migross@pomlaw.com
                                           jalieberman@pomlaw.com

                                           *Counsel for Jimmy Elias Karam*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Certificate of Service**

I hereby certify that on November 1, 2010, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic filing was sent to all of the CM/ECF registrants and a courtesy copy to the Court.


Dated: November 1, 2010



                                        *s/ Ian D. Berg*
                                        Ian D. Berg

---