1  ROBBINS GELLER RUDMAN
    & DOWD LLP
2  DARREN J. ROBBINS (168593)
   DANIELLE S. MYERS (259916)
3  655 West Broadway, Suite 1900
   San Diego, CA  92101
4  Telephone:  619/231-1058
   619/231-7423 (fax)
5  darrenr@rgrdlaw.com
   dmyers@rgrdlaw.com
6
   [Proposed] Lead Counsel for Plaintiffs
7

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10                       WESTERN DIVISION

11

| | |
|---|---|
| JIMMY ELIAS KARAM, Individually and on Behalf of All Others Similarly Situated, | No. 2:10-cv-06523-GHK(RCx) |
| | CLASS ACTION |
| Plaintiff, | |
| | MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL |
| vs. | |
| CORINTHIAN COLLEGES, INC., et al., | |
| Defendants. | DATE:       November 29, 2010 |
| | TIME:        9:30 a.m. |
| | CTRM:       650 |
| | JUDGE:      Hon. George H. King |

584354_1

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ..................................................................................... 1

II.   STATEMENT OF FACTS ........................................................................ 2

III.   ARGUMENT ........................................................................................... 3

    A.   The Actions Should Be Consolidated .................................................. 3

    B.   Wyoming and PMT Should Be Appointed Lead Plaintiff .................. 3

        1.   This Motion Is Timely ................................................................. 4

        2.   Wyoming and PMT Have the Largest Financial Interest
           in the Relief Sought by the Class ................................................ 4

        3.   Wyoming and PMT Otherwise Satisfy Rule 23 of the
           Federal Rules of Civil Procedure ............................................... 4

    C.   The Court Should Approve Wyoming and PMT's Selection of
        Counsel .............................................................................................. 6

IV.   CONCLUSION ....................................................................................... 7

1    Class members the Wyoming Retirement System and Stichting Pensioenfonds
2    Metaal en Techniek ("PMT") (collectively, "Wyoming and PMT") respectfully submit
3    this memorandum of law in support of their motion for: (i) consolidation pursuant to
4    Fed. R. Civ. P. 42(a); (ii) appointment as lead plaintiff pursuant to the Private
5    Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B); and
6    (iii) approval of their selection of Robbins Geller Rudman & Dowd LLP ("Robbins
7    Geller") as lead counsel for the class.

8  **I.    INTRODUCTION**

9           Presently pending in this district are two securities class action lawsuits on
10   behalf of all persons who purchased or acquired Corinthian Colleges, Inc.
11   ("Corinthian" or the "Company") securities between October 30, 2007 and August 19,
12   2010 (the "Class Period") against Corinthian and certain of its officers and/or directors
13   for violations of the Securities Exchange Act of 1934 (the "1934 Act"): *Karam v.*
14   *Corinthian Colleges, Inc.*, No. 2:10-cv-06523 and *Totten v. Corinthian Colleges, Inc.*,
15   No. 2:10-cv-08212 (the "Related Actions").  In securities class actions, the PSLRA
16   requires district courts to resolve consolidation prior to appointing a lead plaintiff.  *See*
17   15 U.S.C. §78u-4(a)(3)(B)(ii).  Here, the actins should be consolidated because they
18   each involve substantially similar issues of law and fact.  *See* Fed. R. Civ. P. 42(a).

19          As soon as practicable after its decision on consolidation, the Court "shall
20   appoint the most adequate plaintiff as lead plaintiff for the consolidated actions."  *See*
21   15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the "member or members of the
22   purported plaintiff class that the court determines to be most capable of adequately
23   representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i).  Wyoming
24   and PMT should be appointed as lead plaintiff because they: (1) timely filed this
25   motion; (2) to their counsel's knowledge, have the largest financial interest in the
26   relief sought by the class; and (3) will fairly and adequately represent the interests of
27   the class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, Wyoming and PMT's
28

1 | selection of Robbins Geller as lead counsel for the class should be approved.  *See* 15
2 | U.S.C. §78u-4(a)(3)(B)(v).

3 | **II.    STATEMENT OF FACTS**

4 |     Corinthian is a private, for-profit post-secondary education company.  As of
5 | June 2010, Corinthian's student population was approximately 110,000.  The
6 | Company offers a variety of diploma programs and associate's, bachelor's and
7 | master's degrees.  The defendants include Corinthian; Jack P. Massimino (the
8 | Company's CEO and Chairman until June 2009); Peter C. Waller (the Company's
9 | CEO since July 2009 and President/COO from 2006-2009); Matthew A. Ouimet (the
10 | Company's President/COO since July 2009); and Kenneth S. Ord (the Company's
11 | Executive VP and CFO since 2005).

12 |     The Complaint alleges that throughout the Class Period, defendants made
13 | materially false and/or misleading statements and failed to disclose that: (1) the
14 | Company overstated its growth prospects by engaging in illicit and improper
15 | recruiting activities, which also had the effect of artificially inflating the Company's
16 | reported results and future growth prospects; (2) the Company's financial results were
17 | overstated in that the Company's colleges inflated tuition costs and its student loan
18 | repayment rates were well below levels required for participation in federal loan
19 | programs; (3) the Company failed to maintain adequate systems of internal
20 | operational or financial controls; and (4) based on the foregoing, defendants lacked a
21 | basis for their positive statements about the Company, its prospects and growth.

22 |     On August 3, 2010, the U.S. General Accounting Office issued a report that
23 | concluded that for-profit educational institutions such as Corinthian had engaged in an
24 | illegal and fraudulent course of action designed to recruit students and overcharge the
25 | federal government for the cost of such education.  Thereafter, a Congressional
26 | Committee launched an investigation of such practices; the U.S. Department of
27 | Education released data showing that the loan repayment rates for Corinthian
28 |

1   enrollees were well below the level required for federal loan program eligibility; and

2   the Company disclosed that its enrollee default rates had significantly increased, and

3   were continuing to do so.  As a result of these revelations, and as the artificial inflation

4   leaked out, the Company's stock declined nearly 17%.

5   **III.    ARGUMENT**

6       **A.    The Actions Should Be Consolidated**

7       "If actions before the court involve a common question of law or fact, the court

8   may . . . consolidate the actions . . . ."  Fed. R. Civ. P. 42(a).  Here, the Related

9   Actions assert claims on behalf of purchasers of Corinthian securities for alleged

10  violations of the 1934 Act during the Class Period.  The claims, Class Periods,

11  defendants and factual allegations are virtually identical.  Accordingly,

12  "[c]onsolidating these cases for all purposes will be the most efficient solution for the

13  court, and will ease the litigation burden on all parties involved."  *Takeda v.*

14  *Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999) (Morrow, J.).

15      **B.    Wyoming and PMT Should Be Appointed Lead Plaintiff**

16      The PSLRA establishes the procedure for the appointment of a lead plaintiff in

17  "each private action arising under [the 1934 Act] that is brought as a plaintiff class

18  action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1); *see*

19  *also* 15 U.S.C. §78u-4(a)(3)(B)(i).  First, the pendency of the action must be

20  publicized in a widely circulated national business-oriented publication or wire service

21  not later than 20 days after filing of the first complaint.  15 U.S.C. §78u-4(a)(3)(A)(i).

22  Next, the PSLRA provides that the Court shall adopt a presumption that the most

23  adequate plaintiff is the person or group of persons that –

24      (aa) has either filed the complaint or made a motion in response to

25  a notice . . .;

26      (bb) in the determination of the court, has the largest financial

27  interest in the relief sought by the class; and

28

(cc) otherwise satisfies the requirements of Rule 23 of the Federal
Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *see also In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Wyoming and PMT meet each of these requirements and should therefore be appointed as lead plaintiff.

### 1.    This Motion Is Timely

The notice published in this action on September 1, 2010 advised class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as lead plaintiff within 60 days from September 1, 2010, or October 31, 2010.   *See* Declaration of Danielle S. Myers in Support of Motion for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel, ("Myers Decl."), Ex. A.  October 31st was a Sunday.  Pursuant to Fed. R. Civ. P. 6(a)(1)(C), November 1, 2010 is the next day that is not a "Saturday, Sunday, or legal holiday," and this Motion is therefore timely filed and Wyoming and PMT are entitled to be considered for appointment as lead plaintiff.

### 2.    Wyoming and PMT Have the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, Wyoming and PMT collectively lost approximately $3.6 million due to defendants' misconduct.  *See* Myers Decl., Exs. B, C.  To the best of their counsel's knowledge, there are no other applicants who have sought appointment as lead plaintiff who have a larger financial interest.   Therefore, Wyoming and PMT satisfy the PSLRA's prerequisite of having the largest financial interest.

### 3.    Wyoming and PMT Otherwise Satisfy Rule 23 of the Federal Rules of Civil Procedure

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil

- 4 -

1    Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23 of the Federal Rules of

2    Civil Procedure requires that "the claims or defenses of the representative parties are

3    typical of the claims or defenses of the class; and [that] the representative parties will

4    fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(3)-(4);

5    *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at

6    the lead plaintiff stage).  The test of typicality "'is whether other members have the

7    same or similar injury, whether the action is based on conduct which is not unique to

8    the named plaintiffs, and whether other class members have been injured by the same

9    course of conduct.'"  *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)

10   (citation omitted).  The adequacy requirement is met if no conflicts exist between the

11   representative and class interests and the representative's attorneys are qualified,

12   experienced and generally able to conduct the litigation.  Fed. R. Civ. P. 23(a)(4);

13   *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003).  Wyoming and PMT satisfy

14   these requirements at this stage of the litigation.

15        Wyoming and PMT have submitted sworn certifications confirming their desire,

16   willingness and ability to serve as lead plaintiff.  *See* Myers Decl., Ex. B.  Like all

17   class members, Wyoming and PMT purchased Corinthian stock on NASDAQ during

18   the Class Period at allegedly inflated prices and suffered damages as a result.  *See*

19   Myers Decl., Ex. C. Wyoming and PMT's $3.6 million loss indicates they have the

20   incentive to represent the claims of the class vigorously.  *Id.*  Furthermore, Wyoming

21   and PMT have submitted a joint declaration detailing their common interests in

22   serving as lead plaintiff and ability to oversee counsel.  *See* Myers Decl., Ex. D.

23   Wyoming and PMT are not subject to unique defenses and are not aware of any

24   conflicts between their claims and those asserted by the class.  Finally, as discussed

25   below, Wyoming and PMT have selected qualified counsel experienced in securities

26   litigation.

27

28

584354_1

Wyoming and PMT's common interests shared with the class, their substantial financial interest and their selection of qualified counsel demonstrates that Wyoming and PMT *prima facie* satisfy the Rule 23 inquiry at this juncture.

## C.   The Court Should Approve Wyoming and PMT's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also Cavanaugh*, 306 F.3d at 732-33; *In re Cohen*, 586 F.3d 703 (9th Cir. 2009).

Wyoming and PMT selected Robbins Geller to serve as lead counsel on behalf of the class. Robbins Geller, a 175-lawyer firm with offices nationwide, is actively engaged in complex litigation, particularly securities litigation. *See* Myers Decl., Ex. E. District courts throughout the country, including this Court, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *In re Cooper Cos. Sec. Litig.*, 254 F.R.D. 628, 636 (C.D. Cal. 2009) (Carney, J.) (noting that it was "undisputable" that Robbins Geller lawyers have "extensive experience prosecuting suits of this nature"); *In re Enron Corp. Sec.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) (Harmon, J.) (commenting that the "experience, ability, and reputation of the attorneys of [Robbins Geller] is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country"). As such, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available from Robbins Geller. Accordingly, Wyoming and PMT's selection of counsel should be approved.

## IV.   CONCLUSION

The two Related Actions before the Court are virtually identical and should be consolidated.  In addition, Wyoming and PMT have satisfied each of the PSLRA's requirements for appointment as lead plaintiff.   As such, Wyoming and PMT respectfully request that the Court appoint them as Lead Plaintiff, approve their selection of counsel and grant such other relief as the Court may deem just and proper.

DATED:  November 1, 2010                    Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
DANIELLE S. MYERS


                    s/ DANIELLE S. MYERS
                    DANIELLE S. MYERS

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiffs

584354_1

1

<u>CERTIFICATE OF SERVICE</u>

2      I hereby certify that on November 1, 2010, I authorized the electronic filing of

3 the foregoing with the Clerk of the Court using the CM/ECF system which will send

4 notification of such filing to the e-mail addresses denoted on the attached Electronic

5 Mail Notice List, and I hereby certify that I caused to be mailed the foregoing

6 document or paper via the United States Postal Service to the non-CM/ECF

7 participants indicated on the attached Manual Notice List.

8      I certify under penalty of perjury under the laws of the United States of America

9 that the foregoing is true and correct.  Executed on November 1, 2010.

10

11                             <u>s/ DANIELLE S. MYERS</u>
                               DANIELLE S. MYERS

12                             ROBBINS GELLER RUDMAN
                                     &amp; DOWD LLP

13                             655 West Broadway, Suite 1900
                             San Diego, CA  92101-3301

14                             Telephone:  619/231-1058
                             619/231-7423 (fax)

15

16                             E-mail:     dmyers@rgrdlaw.com

17

18

19

20

21

22

23

24

25

26

27

28

584354_1

# Mailing Information for a Case 2:10-cv-06523-GHK -RC

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jonathan Andrews Boynton**
  jboynton@knlh.com,vperez@knlh.com

- **Patrick V Dahlstrom**
  pdahlstrom@pomlaw.com

- **Robert L Dell Angelo**
  robert.dellangelo@mto.com

- **Lionel Zevi Glancy**
  lglancy@glancylaw.com

- **Michael M Goldberg**
  mmgoldberg@glancylaw.com,dmacdiarmid@glancylaw.com,info@glancylaw.com,rprongay@glancylaw.com

- **Marc I Gross**
  migross@pomlaw.com

- **Jeremy A Lieberman**
  jalieberman@pomlaw.com,lpvega@pomlaw.com

- **Lynn H Scaduto**
  lynn.scaduto@mto.com,vickie.leyson@mto.com

- **Andy Sohrn**
  asohrn@glancylaw.com

- **John W Spiegel**
  john.spiegel@mto.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`