1 BERNSTEIN LITOWITZ BERGER
    & GROSSMANN LLP
2 DAVID R. STICKNEY   (Bar No. 188574)
(davids@blbglaw.com)
3 12481 High Bluff Drive, Suite 300
San Diego, CA 92130
4 Tel:   (858) 793-0070
Fax:   (858) 793-0323
5       -and-
GERALD H. SILK
6 (jerry@blbglaw.com)
AVI JOSEFSON
7 (avi@blbglaw.com)
1285 Avenue of the Americas
8 New York, NY 10019
Tel:   (212) 554-1400
9 Fax:   (212) 554-1444

10 GRANT & EISENHOFER P.A.
JAY W. EISENHOFER
11 (jeisenhofer@gelaw.com)
GEOFFREY C. JARVIS
12 (gjarvis@gelaw.com)
485 Lexington Ave 29th Floor
13 New York, New York 10017
Tel:   (646) 722-8500
14 Fax:   (646) 722-8501

15 *Counsel for the Arkansas Teacher Retirement System*
*and the Northamptonshire County Council Pension Fund,*
16 *and Proposed Co-Lead Counsel for the Class*

17                 UNITED STATES DISTRICT COURT
                  CENTRAL DISTRICT OF CALIFORNIA
18                    WESTERN DIVISION

19 JIMMY ELIAS KARAM, Individually      Case No. 10-CV-6523-GHK (RCx)
   and on Behalf of All Others Similarly
20 Situated,                            MEMORANDUM OF LAW IN
                                        FURTHER SUPPORT OF THE
21             Plaintiffs,              ARKANSAS TEACHER
                                        RETIREMENT SYSTEM AND
22      v.                              NORTHAMPTONSHIRE COUNTY
                                        COUNCIL PENSION FUND FOR
23 CORINTHIAN COLLEGES, INC.,           APPOINTMENT AS LEAD
   JACK P. MASSIMINO, PETER C.          PLAINTIFF AND IN OPPOSITION
24 WALLER, MATTHEW A. OUIMET,           TO ALL OTHER MOTIONS FOR
   and KENNETH S. ORD,                  APPOINTMENT AS LEAD
25                                      PLAINTIFF
              Defendants.
26                                      Date:        December 6, 2010
                                        Time:        9:30 a.m.
27                                      Courtroom:   650
                                        Judge: Hon. George H. King
28

1

## **TABLE OF CONTENTS**

2
                                                                                                    Page

3   TABLE OF AUTHORITIES ................................................................................... ii

4   I.      PRELIMINARY STATEMENT ..................................................................1

5   II.     ARGUMENT...............................................................................................3

6           A.    The Arkansas Teacher Retirement System
                  And The Northamptonshire County Council
7                 Pension Fund Have The Largest Financial
                  Interest In The Relief Sought By The Class...........................................4
8
            B.    The Arkansas Teacher Retirement System
9                 And The Northamptonshire County Council
                  Pension Fund Are An Appropriate Lead
10                Plaintiff Group.......................................................................................7

11          C.    The Arkansas Teacher Retirement System
                  And The Northamptonshire County Council
12                Pension Fund Otherwise Satisfy The
                  Requirements Of Rule 23 .......................................................................8
13
    III.    CONCLUSION............................................................................................9

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **TABLE OF AUTHORITIES**

2
**Page(s)**

3
CASES

4
*Applestein v. Medivation, Inc.*,
   2010 WL 3749406 (N.D. Cal. Sept. 20, 2010)......................................................4

5

6
*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) .................................................................1, 3, 4, 7

7

8
*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001) ...............................................................................3

9
*In re Comverse Tech., Inc. Sec. Litig.*,
   2007 WL 680779 (E.D.N.Y. Mar. 2, 2007)......................................................5, 6

10

11
*In re Critical Path, Inc. Sec. Litig.*,
   156 F. Supp. 2d 1102 (N.D. Cal. 2001)................................................................4

12

13
*Dura Pharm., Inc. v. Broudo*,
   544 U.S. 336 (2005)...........................................................................1, 2, 4, 5

14

15
*Eichenholtz v. Verifone Holdings, Inc.*,
   2008 WL 3925289 (N.D. Cal. Aug. 22, 2008) ....................................1, 2, 4, 5, 6

16

17
*Ferrari v. Gisch*,
   225 F.R.D. 599 (C.D. Cal. 2004).........................................................................7

18

19
*Hodges v. Immersion Corp.*,
   2009 WL 5125917 (N.D. Cal. Dec. 21, 2009) .....................................................7

20
*Mohanty v. BigBand Networks, Inc*,
   2008 WL 426250 (N.D. Cal. Feb. 14, 2008) .....................................................1, 4

21

22
*In re Network Assocs., Inc. Sec. Litig.*,
   76 F. Supp. 2d 1017 (N.D. Cal. 1999)..................................................................4

23

24
*Plichta v. SunPower Corp.*,
   No. 3:09-cv-05473, ECF No. 70 (N.D. Cal. Mar. 5, 2010)..................................8

25

26
*Query v. Maxim Integrated Prods., Inc.*,
   558 F. Supp. 2d 969 (N.D. Cal. 2008) .................................................................7

27

28
*In re Silicon Storage Tech.*,
   2005 U.S. Dist. LEXIS 45246 (N.D. Cal. May 3, 2005).....................................4

*Takeda v. Turbodyne Techs., Inc.*,
    67 F. Supp. 2d 1129 (C.D. Cal. 1999) ..............................................................3, 4

*Tanne v. Autobytel, Inc.*,
    226 F.R.D. 659 (C.D. Cal. 2005) .........................................................................3

*In re Veritas Software Corp. Sec. Litig.*,
    496 F.3d 962 (9th Cir. 2007) ...............................................................................6

*In re Versata, Inc. Sec. Litig.*,
    2001 WL 34012374 (N.D. Cal. Aug. 20, 2001) ...................................................7

*Weisz v. Calpine Corp.*,
    2002 WL 32818827 (N.D. Cal. Aug. 19, 2002) ...................................................4

*Yanek v. Staar Surgical Co.*,
    2004 WL 5574358 (C.D. Cal. Dec. 15, 2004) .....................................................7

**STATUTES, RULES & REGULATIONS**

15 U.S.C. § 78u-4(a)(3)(B)(iii) ...............................................................................3, 7

Arkansas Teachers' And Northamptonshire's
Opposition Memorandum
Case No. 10-cv-6523-GHK(RCx)

I.       PRELIMINARY STATEMENT

The Arkansas Teacher Retirement System ("Arkansas Teachers") and the Northamptonshire County Council Pension Fund ("Northamptonshire") respectfully submit this memorandum in further support of their motion to be appointed Lead Plaintiff and for approval of their selection of Lead Counsel for the Class, and in opposition to all other motions seeking appointment as Lead Plaintiff.[1]

Arkansas Teachers and Northamptonshire are the presumptive Lead Plaintiff in this action because they have the "largest financial interest" in the relief sought by the Class. *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). Specifically, Arkansas Teachers and Northamptonshire have the largest "potential recovery" in this Action compared to any movants based upon the allegations of the currently-filed complaint. *See Mohanty v. BigBand Networks, Inc*, No. C 07-5101 SBA, 2008 WL 426250, at *4-5 (N.D. Cal. Feb. 14, 2008) ("District courts typically equate 'largest financial interest' with the amount of potential recovery.").

Because courts in this Circuit focus upon potential recovery in determining which movant has the largest financial interest, this Court should only consider the losses each movant actually stands to recover through this litigation based upon the current state of the pleadings:  losses incurred ***after*** the disclosure of the truth, which caused the price of Corinthian Colleges, Inc. ("Corinthian") common stock to decline. *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336 (2005). Any losses incurred before the first alleged disclosure of the fraud are not "recoverable" and are excluded from a movant's financial interest under the "potential recovery" approach employed by courts in this Circuit. *Eichenholtz v. Verifone Holdings, Inc.*, No. C 07-06140 MHP, 2008 WL 3925289, at *2 (N.D. Cal. Aug. 22, 2008)

---

[1] The only movants challenging Arkansas Teachers and Northamptonshire are the Wyoming Retirement System ("Wyoming") and Stichting Pensioenfonds Metaal en Techniek ("Stichting").

1   ("[F]ailure to demonstrate loss causation constitutes a fatal flaw that necessitates

2   removing those losses from the financial interest calculation.").  Indeed, applying

3   *Dura* to this case reveals that Wyoming has no recoverable losses because it sold

4   all of its Corinthian common stock before the first pleaded partial disclosure on

5   August 3, 2010.  *See Eichenholtz*, 2008 WL 3925289, at *3 (excluding losses

6   incurred before first pleaded disclosure of truth).  Focusing on Wyoming's and

7   Stichting's potentially recoverable losses, in accordance with the approach adopted

8   by district courts in this Circuit, drastically reduces Wyoming's and Stichting's

9   claimed "losses" from the $3.6 million they claimed to $2.1 million—a decline of

10   almost     45%—and     unequivocally     establishes     Arkansas     Teachers     and

11   Northamptonshire as the movant with the largest financial interest as demonstrated

12   by the chart below:

| Movant | Recoverable Loss |
|---|---|
| Arkansas Teachers and Northamptonshire | $2,793,308.83 |
| Wyoming | $0 |
| Stichting | $2,091,287.23 |

17        Because Wyoming cannot demonstrate loss causation for its claimed loss on

18   the purchase and sale of Corinthian common stock prior to any currently pleaded

19   disclosure of the truth, Wyoming's trading cannot be considered in the Court's

20   financial   interest   determination.      Therefore,   Arkansas   Teachers   and

21   Northamptonshire with losses of $2.8 million have the largest interest in the relief

22   sought by the Class.

23        Moreover, appointment of Arkansas Teachers and Northamptonshire as

24   Lead Plaintiff will provide the Class with strong representation, and is in

25   accordance with the jurisprudence in this Circuit and across the country of

26   appointing a cohesive group of sophisticated institutional investors as Lead

27   Plaintiff under the PSLRA.

28

1    In short, under the clear law of this Circuit and the PSLRA, Arkansas

2    Teachers and Northamptonshire are entitled to the strong presumption that they are

3    the "most adequate plaintiff"—a presumption that can be rebutted only upon

4    "proof" that they are atypical or inadequate. *See Cavanaugh*, 306 F.3d at 729 n.2

5    (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)).   No such proof exists, and the Class

6    will be well served by Arkansas Teachers and Northamptonshire.

7    II.    ARGUMENT

8        The PSLRA creates a strong rebuttable presumption that the Lead Plaintiff is

9    "the person or group of persons" that "has the largest financial interest in the relief

10   sought by the class" and "otherwise satisfies the requirements of Rule 23."   15

11   U.S.C. § 78u-4(a)(3)(B)(iii)(I).   Indeed, "once the presumption is triggered, the

12   question is not whether another movant might do a better job of protecting the

13   interests of the class than the presumptive lead plaintiff; instead, the question is

14   whether anyone can prove that the presumptive lead plaintiff will not do a fair and

15   adequate job."   *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 669 (C.D. Cal. 2005)

16   (quoting *In re Cendant Corp. Litig.*, 264 F.3d 201, 268 (3d Cir. 2001)).   The

17   movant that has demonstrated that it has the largest financial interest in the relief

18   sought by the Class must only make a preliminary showing that it satisfies the

19   typicality and adequacy requirements of Federal Rule of Civil Procedure 23.   *See*

20   *Autobytel*, 226 F.R.D. at 666; *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d

21   1129, 1136 (C.D. Cal. 1999) ("A wide-ranging analysis under Rule 23 is not

22   appropriate [at the initial stage of the litigation] and should be left for consideration

23   on a motion for class certification . . . There is no need to require anything more

24   than a preliminary showing at this stage.") (citations omitted).

25

26

27

28

A.   The Arkansas Teacher Retirement System
And The Northamptonshire County Council
Pension Fund Have The Largest Financial
<u>Interest In The Relief Sought By The Class</u>

Arkansas Teachers and Northamptonshire should be appointed as Lead Plaintiff because they have the largest financial interest in the relief sought by the Class.  *See Cavanaugh*, 306 F.3d at 730; *Takeda,* 67 F. Supp. 2d at 1134.

Courts in this Circuit equate a movant's financial interest with the amount of plaintiff's potential recovery in the relief sought by the Class based upon the complaint that exists as of the time of the Lead Plaintiff filing.  *See Cavanaugh*, 306 F.3d at 730 ("The district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit."); *BigBand Networks,* 2008 WL 426250, at *4 ("District courts typically equate 'largest financial interest' with the amount of potential recovery.") (citations omitted); *In re Silicon Storage Tech.,* No. C 05-295 PJH, 2005 U.S. Dist. LEXIS 45246, at *21 (N.D. Cal. May 3, 2005) (citing *Weisz v. Calpine Corp.*, 2002 WL 32818827, at *5 (N.D. Cal. Aug. 19, 2002)); *In re Critical Path, Inc. Sec. Litig.*, 156 F. Supp. 2d 1102, 1107-08 (N.D. Cal. 2001); *In re Network Assocs., Inc. Sec. Litig.*, 76 F. Supp. 2d 1017, 1027 (N.D. Cal. 1999).

The potential recovery test requires that the Court only consider losses *recoverable* under the loss causation standard articulated by the Supreme Court in *Dura*.  *Eichenholtz*, 2008 WL 3925289, at *2.  *Dura* clearly states that if a shareholder sells its shares "before the relevant truth begins to leak out, the misrepresentation will not have led to any loss."  *Dura*, 544 U.S. at 342. Accordingly, a shareholder that sold all of its shares before the disclosure of the truth is unable to recover for such "losses."  Thus, in accordance with this Circuit's emphasis on "potential recovery," this Court should not consider such "losses" in its financial interest analysis because such losses are not recoverable.  *See Applestein v. Medivation, Inc.*, No. C 10-00998 MHP, 2010 WL 3749406, at *2

1  (N.D. Cal. Sept. 20, 2010) (explaining that without loss causation, plaintiffs "may

2  not recover at all" as plaintiffs "purchased and sold stock at the inflated share price

3  prior to [the corrective] disclosure"); *Eichenholtz*, 2008 WL 3925289, at *2

4  ("[F]ailure to demonstrate loss causation constitutes a fatal flaw that necessitates

5  removing those losses from the financial interest calculation.") (quoting *In re*

6  *Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825(NGG)(RER), 2007 WL 680779,

7  at *5 n.6 (E.D.N.Y. Mar. 2, 2007) ("Courts cannot include non-recoverable losses

8  in a calculation of each litigant's financial interest.")).

9       In this case, the only pending complaint asserts that Corinthian's alleged

10  fraud was first disclosed on August 3, 2010.  *See* First Amended Complaint ¶¶54,

11  56 (ECF No. 6).  The Court, at this stage of litigation, is limited to considering the

12  allegations pleaded in the pending complaint and may not rely on partial

13  disclosures not asserted in that complaint.  *In re Comverse*, 2007 WL 680779, at *5

14  ("*Dura . . .* require[s] a court to make pre-discovery loss causation determinations

15  regarding asserted claims. . . that are based on the facts alleged in the complaint.").

16  Moreover, Wyoming's and Stichting's Lead Plaintiff motion states that August 3,

17  2010 was the first date that Corinthian's alleged fraud was partially disclosed and

18  thus they are bound by such a representation.  *See* Memorandum of Law in Support

19  of Motion for Consolidation, Appointment as Lead Plaintiff and Approval of

20  Selection of Lead Counsel at 2, No. 10-cv-6523 (ECF No. 26) ("On August 3,

21  2010, the U.S. General Accounting Office issued a report that concluded that for-

22  profit educational institutions such as Corinthian had engaged in an illegal and

23  fraudulent course of action.").

24       Wyoming sold all of its Corinthian common stock ***prior to*** August 3, 2010.

25  Indeed, Wyoming sold all of its Corinthian common stock as of July 29, 2010,

26

27

28

several days before the first disclosure of Corinthian's alleged fraud.[2]   Because Wyoming sold all of its Corinthian common stock prior to the first corrective disclosure alleged in the pending complaint, at this stage, it is unable to prove loss causation, has no recoverable losses under the facts currently alleged, and therefore should be removed from the Court's financial interest calculus.  Once Wyoming's unrecoverable losses are excluded, Wyoming's and Stichting's losses are drastically reduced from $3.6 million to $2.1 million—a decline of almost 45%.

In *Eichenholtz*, the court excluded alleged losses recognized on shares that were bought and sold before the disclosure of the truth.  *Eichenholtz*, 2008 WL 3925289, at *4.   The *Eichenholtz* court noted that "it is difficult, if not [] impossible, to demonstrate loss causation for shares bought *and* sold before the disclosure of the misstatements or omissions."   *Id.* (emphasis in original). Similarly, in *In re Comverse*, the District Court reversed the Magistrate Judge's appointment of a Lead Plaintiff whose alleged loss "resulted from 'in-and-out'[3] transactions, which took place during the class period, but before the misconduct identified in the complaint was ever revealed to the public."  *In re Comverse*, 2007 WL 680779, at *3.  As in *Eichenholtz*, here, Wyoming should be eliminated from this Court's financial interest consideration because it sold all of its Corinthian common stock before the first pleaded partial disclosure of the truth on August 3, 2010.

When losses are properly calculated, Arkansas Teachers' and Northamptonshire's loss of approximately $2.8 million is 34% greater on both a

---

[2] *See* Movants' sworn certifications attached as Exhibit B to the Declaration of Danielle S. Myers in Support of Motion for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Myers Decl.") (ECF No. 27-2); Movants' chart of purchases and sales attached as Exhibit C to the Myers Decl. (ECF No. 27-3).

[3] "In-and-out" trades are trades where shares are bought and sold prior to the initial disclosure of the truth. *In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 966 (9th Cir. 2007).

Arkansas Teachers' And Northamptonshire's
Opposition Memorandum
Case No. 10-cv-6523-GHK(RCx)

1  first-in, first-out ("FIFO") and a last-in, first-out ("LIFO") basis than Stichting's

2  approximate $2.1 million loss.  *See Hodges v. Immersion Corp.,* No. C-09-4073

3  MMC, 2009 WL 5125917, at *1 (N.D. Cal. Dec. 21, 2009) (employing FIFO and

4  LIFO to determine financial interest); *Query v. Maxim Integrated Prods., Inc.*, 558

5  F. Supp. 2d 969, 974 (N.D. Cal. 2008) (same).  Accordingly, Arkansas Teachers

6  and Northamptonshire are entitled to the strong presumption that they are "the

7  most adequate plaintiff" because Arkansas Teachers and Northamptonshire have,

8  by far, suffered the largest recoverable loss.

9          B.      The Arkansas Teacher Retirement

                  System And The Northamptonshire

10                   County Council Pension Fund Are

                  <u>An Appropriate Lead Plaintiff Group</u>

11

12       To overcome the presumption entitling Arkansas Teachers and

13 Northamptonshire to appointment as Lead Plaintiff, the PSLRA requires another

14 movant to offer proof that Arkansas Teachers and Northamptonshire are

15 inadequate to serve as Lead Plaintiff.  *See Cavanaugh*, 306 F.3d at 729 n.2 (citing

16 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)).  No such proof exists, and the Class will be

17 well served by Arkansas Teachers and Northamptonshire.

18       The appointment of a group of class members as the Lead Plaintiff is

19 expressly permitted by the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), and courts

20 in this District and others have recognized the propriety of appointing such groups.

21 *See, e.g., Yanek v. Staar Surgical Co.*, Nos. CV 04-8007 SJO (CWx), CV 04-8263

22 SJO (CWx), CV 04-8613 SJO (CWx), 2004 WL 5574358, at *4 (C.D. Cal. Dec.

23 15, 2004); *see also Ferrari v. Gisch*, 225 F.R.D. 599, 608-09 (C.D. Cal. 2004)

24 (finding a lead plaintiff group composed of three members to be a "manageable

25 number"); *In re Versata, Inc. Sec. Litig.*, No. C 01-1439 SI, C 01-1559 SI, C 01-

26 1703 SI, C 01-1786 SI, 2001 WL 34012374, at *6 (N.D. Cal. Aug. 20, 2001)

27 ("This Court therefore finds that under appropriate circumstances small groups,

28 whether or not they have any pre-litigation relationship, can aggregate their

1  financial losses."); *Plichta v. SunPower Corp.*, No. 3:09-cv-05473, ECF No. 70

2  (N.D. Cal. March 5, 2010) (appointing U.S. and foreign institutional investors as

3  co-lead plaintiffs).[4]

4      Here, Arkansas Teachers and Northamptonshire determined to jointly seek

5  appointment as Lead Plaintiff to provide the Class with strong and diverse

6  leadership.  As a result of their shared goals and desire to work with another

7  sophisticated and experienced institutional investor, Arkansas Teachers and

8  Northamptonshire authorized counsel to seek joint appointment as Lead Plaintiff

9  and, if appointed, to jointly lead this litigation to achieve those shared goals and

10  objectives.  Because Arkansas Teachers and Northamptonshire are a small,

11  cohesive group of institutional investors with the capacity to reach consensus

12  decisions, their financial interests are properly aggregated for purposes of this

13  motion.

14            C.    The Arkansas Teacher Retirement
                         System And The Northamptonshire
15                       County Council Pension Fund Otherwise
                         <u>Satisfy The Requirements Of Rule 23</u>

16

17      There are no legitimate grounds to challenge Arkansas Teachers' and

18  Northamptonshire's typicality or adequacy, let alone the kind of "proof" required

19  to rebut the strong presumption entitling them to appointment as Lead Plaintiff.

20  Rather, Arkansas Teachers and Northamptonshire assert a superior financial

21  interest, have amply demonstrated their ability to adequately and vigorously

22  prosecute the claims against Corinthian, and are committed to diligently and

23  faithfully performing their duties as Lead Plaintiff in the best interests of the Class.

24  Accordingly, Arkansas Teachers and Northamptonshire respectfully submit that

25

26  [4] A copy of the Order Consolidating Related Actions, Appointing the Institutional

27  Investors Funds as Lead Plaintiff and Approving Their Selection of Lead Counsel
    in *Plichta v. SunPower Corp.*, No. 3:09-cv-05473, ECF No. 70 (N.D. Cal. March

28  5, 2010), is attached as Exhibit F to the Stickney Declaration (ECF No. 24-6).

1  they should be appointed as Lead Plaintiff, and their motion should otherwise be
2  granted.

3  III.    CONCLUSION

4       As explained above, Arkansas Teachers and Northamptonshire are the "most
5  adequate   plaintiff[s]"   under   the   PSLRA.   Arkansas   Teachers   and
6  Northamptonshire have the largest financial interest arising out of the purchase of
7  Corinthian common stock and satisfy the relevant requirements of Rule 23 of the
8  Federal  Rules  of  Civil  Procedure.   Accordingly,  Arkansas  Teachers  and
9  Northamptonshire respectfully request that the Court: (1) appoint Arkansas
10  Teachers and Northamptonshire as Lead Plaintiff; (2) and approve their selection
11  of Bernstein Litowitz and Grant & Eisenhofer as Co-Lead Counsel for the Class.

12  Dated: November 15, 2010                    Respectfully submitted,

13                                              BERNSTEIN LITOWITZ BERGER
                                                   & GROSSMANN LLP
14
15                                                 */s/ David R. Stickney*
                                                   DAVID R. STICKNEY
16
17                                              DAVID R. STICKNEY
                                                (davids@blbglaw.com)
18                                              12481 High Bluff Drive, Suite 300
                                                San Diego, CA 92130
19                                              Tel:   (858) 793-0070
                                                Fax:   (858) 793-0323
20                                                      -and-
                                                GERALD H. SILK
21                                              (jerry@blbglaw.com)
                                                AVI JOSEFSON
22                                              (avi@blbglaw.com)
                                                1285 Avenue of the Americas, 38th Floor
23                                              New York, NY 10019
                                                Tel:   (212) 554-1400
24                                              Fax:   (212) 554-1444

25                                              GRANT & EISENHOFER P.A.
                                                JAY W. EISENHOFER
26                                              (jeisenhofer@gelaw.com)
                                                485 Lexington Ave 29th Floor
27                                              New York, New York 10017
                                                Tel:   (646) 722-8500
28                                              Fax:   (646) 722-8501

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-and-
GEOFFREY C. JARVIS
(gjarvis@gelaw.com)
485 Lexington Ave 29th Floor
New York, New York 10017
Tel:   (646) 722-8500
Fax:   (646) 722-8501

*Counsel for the Arkansas Teacher
Retirement System and the
Northamptonshire County Council Pension
Fund, and Proposed Co-Lead Counsel for
the Class*