P/SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6523-GHK (RCx) | Date | March 30, 2011 |
|---|---|---|---|
| Title | *Jimmy Elias Karam v. Corinthian Colleges, Inc., et al.* | | |

| **Presiding: The Honorable** | **GEORGE H. KING, U. S. DISTRICT JUDGE** | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   **(In Chambers) Order re:** Appointment of Lead Plaintiffs and Lead Counsel

     We have carefully considered the Parties' Joint Statement regarding lead plaintiff motions. Following the filing of this action, the Court received a large volume of Motions from the Parties requesting to be appointed lead plaintiff and lead counsel.  To facilitate a more efficient resolution of these preliminary issues, we instructed all Parties to meet and confer and then to file a joint brief regarding who should be appointed lead plaintiff and lead counsel.  Only two Parties filed submissions in the Joint Statement and thus we conclude that these are the only two seeking appointment as lead plaintiff.  Wyoming Retirement System ("Wyoming") filed a request together with Stichting Pensioenfonds Metaal en Techniek ("PMT", and, together with Wyoming, "Wyoming/PMT"), and Arkansas Teachers Retirement System ("Arkansas") filed a request together with Northamptonshire County Council Pension Fund ("Northamptonshire", and together with Arkansas, "Arkansas/Northamptonshire").  We conclude that both Wyoming/PMT and Arkansas/Northamptonshire satisfy the requirements of Fed. R. Civ. P. 23.

     The only question is which group has the larger financial stake in this litigation.  It is undisputed that based solely on the allegations in the only currently operative Complaint, the Arkansas/Northamptonshire group is the one with a larger financial stake than Wyoming/PMT.  Nor is it disputed that in light of the allegations of the since dismissed *Totten v. Corinthian Colleges* Complaint, Wyoming/PMT would have the larger financial stake.  Thus, the question is whether we should consider the allegation of partial disclosure revealed in the *Totten* complaint.  Arkansas/Northamptonshire does not directly assert that we should not consider those allegations in *Totten*.  Instead, it limits the landscape to only the currently pending Complaint in *Karam*.

     This strikes us as more than a bit artificial.  As Wyoming/PMT points out, whichever group is appointed lead plaintiff has the obligation to vigorously assert all claims against Defendants so as to maximize the value to the class.  Arkansas/Northamptonshire has not alleged that the allegations of partial disclosures set forth in *Totten* are factually unsupportable, or that *Totten* was dismissed for any reasons going to the merits.  Under these circumstances, to confine our review to only the allegations currently in *Karam*, and to ignore the *Totten* allegations, would be contrary to the Private Securities Litigation Reform Act's ("PSLRA") mandate to select the plaintiff with the largest financial stake if the Rule 23 requirements are otherwise met.  Inasmuch as Wyoming/PMT intends to assert the *Totten*

*P/SEND*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6523-GHK (RCx) | Date | March 30, 2011 |
|---|---|---|---|
| Title | *Jimmy Elias Karam v. Corinthian Colleges, Inc., et al.* | | |

allegations of partial disclosures made before Wyoming's sale of its shares, we conclude that Wyoming's alleged losses, even if limited to those flowing from the prior partial disclosures, should be considered as part of the financial stake that the Wyoming/PMT group has in this litigation.  As such, Wyoming/PMT has the larger financial stake in this litigation, and is the presumed lead plaintiff absent defects in the Rule 23 requirements.  Since we have already concluded that Wyoming/PMT satisfies the Rule 23 requirements for present purposes, we now appoint Wyoming/PMT as the lead plaintiffs in this action, and appoint Robbins Geller Rudman & Dowd LLP as counsel for lead plaintiffs.

**IT IS SO ORDERED.**

                                                    :

Initials of Deputy Clerk       Bea