UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-CV-06523-RGK-PJW | Date | July 07, 2017 |
|---|---|---|---|
| Title | *KARAM v. CORINTHIAN COLLEGES, INC. et al* | | |

Present: The Honorable   R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Sharon L. Williams | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

Proceedings:     **(IN CHAMBERS)** Order Re: Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (DE 152)

## I.    INTRODUCTION

On February 29, 2012, Wyoming Retirement System, and Stichting Pensioenfonds Metaal en Techniek (collectively, "Named Plaintiffs"), individually and on behalf of all others similarly situated, filed a Third Amended Class Action Complaint ("TAC") against Corinthian Colleges, Inc. ("Corinthian"), Jack P. Massimino ("Massimino"), Peter C. Waller ("Waller"), Matthew A. Ouimet ("Ouimet"), and Kenneth S. Ord ("Ord") (collectively, "Defendants").[1] Named Plaintiffs' TAC, which was filed before the Honorable George H. King and was subsequently transferred to this Court on June 8, 2017, asserts claims for violations of federal securities laws relating to fraud.

After a series of appeals and remands, the parties reached a settlement with the assistance of the Ninth Circuit's mediation coordinator and Judge Daniel Weinstein (Ret.). On May 26, 2017, Named Plaintiffs filed the present Motion for Preliminary Approval of Class Action Settlement. For the following reasons, the Court **GRANTS** Named Plaintiffs' Motion.

## II.    FACTUAL BACKGROUND

Corinthian was a large for-profit education company operating over 100 schools in the United States and Canada from 1995 to 2015. Named Plaintiffs allege that from 2007 to 2010, Corinthian mislead its investors by making false statements, failing to disclose adverse facts, and pursuing a misleading and deceptive course of business.

On May 9, 2017, the parties reached a settlement with the following terms: The settlement class ("the Class") consists of all persons who purchased or otherwise acquired Corinthian common stock, excluding all Defendants, their families, or any trust of which any Defendant is the settlor or which is for the benefit of any Defendant's family ("Class Members"), between October 30, 2007 and August 19, 2010 ("Class Period"). To fund the settlement, Defendants' insurers will pay $2,250,000. If this amount

---

[1]   On October 15, 2014, Defendant Matthew A. Ouimet was dismissed from the case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-CV-06523-RGK-PJW | Date | July 07, 2017 |
|---|---|---|---|
| Title | ***KARAM v. CORINTHIAN COLLEGES, INC. et al*** | | |

is not fully funded within 60 calendar days after entry of the Preliminary Approval Order, all unpaid amounts shall bear interest at the rate of 7% per annum.

Each Class Member's individual settlement will depend on: (1) the number of valid Proofs of Claim that the Class Members send in; and (2) how many shares of Corinthian common stock the class member purchased or acquired during the relevant period, and when he bought and sold them.

The Class Members also agree under the settlement to release Defendants from all claims arising out of (1) the purchase or acquisition of Corinthian stock during the Class Period, and (2) the acts, facts, circumstances, statements or omissions that were asserted or could have been asserted by the Class Members ("Released Claims"). Named Plaintiffs and the Class Members further release any and all Released Claims, whether known or unknown, and upon any theory of law or equity, regardless of the subsequent discovery or existence of different or additional facts.

Finally, under the settlement, Lead Counsel will receive 25% of the settlement amount as attorney's fees, as well as expenses not to exceed $150,000.

## III.   JUDICIAL STANDARD

Before a court may evaluate a class settlement, the court must first ensure that the settlement class satisfies the requirements of Rule 23. *Amchem Prod. v. Windsor*, 117 S. Ct. 2231, 2248 (1997). As the party seeking class certification, the plaintiff bears the burden of demonstrating that the requirements of Rule 23(a)–(b) are met. *Marlo v. United Parcel Services, Inc.*, 639 F.3d 942, 947 (9th Cir. 2011). This inquiry receives "undiluted, even heightened, attention in the settlement context." *Amchem*, 117 S. Ct. at 2248.

After completing the class certification analysis, the court must then determine whether the proposed settlement is fair, adequate, and reasonable before approving it. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1988). Courts evaluate the settlement as a whole, rather than its individual parts, to determine its overall fairness. *Id.*

## IV.   DISCUSSION

The Court first addresses whether the class can be certified for settlement purposes only, and then evaluates the fairness, adequacy, and reasonableness of the settlement. The Court concludes by considering the adequacy of Named Plaintiffs' proposed notice.

### A.   Certification of the Class for Settlement Purposes Only

For the Court to grant class certification, the plaintiff must establish that the following elements have been satisfied pursuant to Rule 23(a): (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Fed. R. Civ. P. 23(a); *see Hanlon*, 150 F.3d at 1019. The plaintiff must also

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-CV-06523-RGK-PJW | Date | July 07, 2017 |
|---|---|---|---|
| Title | **_KARAM v. CORINTHIAN COLLEGES, INC. et al_** | | |

satisfy one of the requirements under Rule 23(b). *Wang v. Chinese Daily News, Inc.*, 623 F.3d 743, 753 (9th Cir. 2010). The court finds that Named Plaintiffs have satisfied all of these requirements.

       1.      _Named Plaintiffs Have Established Numerosity_

     A proposed class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a). In general, courts find the numerosity requirement satisfied when a class includes at least 40 members. *Rannis v. Recchia*, 380 F. App'x 646, 651 (9th Cir. 2010). "The court may certainly infer that, when a corporation has millions of shares trading on a national exchange, more than 40 individuals purchased stock over the course of more than a year." *In re Cooper Cos. Sec. Litig.*, 254 F.R.D. 628, 634 (C.D. Cal. 2009).

     Here, there existed over 86 million shares of Corinthian stock, and the average weekly trading volume was over 10 million shares. (Mem. of P. & A., 7:12–14, ECF No. 153.) The Court can therefore safely infer that well over 40 individuals purchased Corinthian stock during the Class Period, and the numerosity requirement is thus satisfied.

       2.      _Named Plaintiffs Have Established Commonality_

     Rule 23(a) requires "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "[C]ommonality requires that the class members' claims 'depend upon a common contention' such that 'determination of its truth or falsity will resolve an issue that is central to the validity of each claim in one stroke.'" *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 588 (9th Cir. 2012) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011)). "This does not, however, mean that every question of law or fact must be common to the class; all that Rule 23(a)(2) requires is 'a single significant question of law or fact.'" *Id.*

     Named Plaintiffs allege Defendants defrauded the Class through a "common course of conduct." (Mem. of P. & A., 7:6–8.) Named Plaintiffs argue that several questions of law and fact are common to members of the proposed class, including: (1) whether Defendants violated the Securities Exchange Act of 1934; (2) whether Defendants omitted and/or misrepresented material facts; (3) whether Defendants knew or recklessly disregarded the fact that their statements were false or misleading; and (4) whether the price of Corinthian stock was artificially inflated due to the alleged misleading statements and omissions. (Mem. of P. & A., 7:12–14.) Therefore, the commonality requirement is satisfied.

       3.      _Named Plaintiffs Have Established Typicality_

     Rule 23(a) also requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-CV-06523-RGK-PJW | Date | July 07, 2017 |
|---|---|---|---|
| Title | *KARAM v. CORINTHIAN COLLEGES, INC. et al* | | |

substantially identical." *Hanlon*, 150 F.3d at 1020. "[A] plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992) (internal quotation omitted).

The claims of Named Plaintiffs and those of the Class derive from the same set of operative facts. Named Plaintiffs and the Class both purchased Corinthian stock at artificially inflated prices, and suffered damages when Corinthian's stock price declined after the company's true financial condition was revealed. (Mem. of P. & A., 10:1–15.) Thus, the typicality requirement has also been satisfied.

### 4. *Named Plaintiffs Have Established Adequacy of Representation*

The final Rule 23(a) prerequisite is satisfied if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequacy of counsel requires asking whether: (1) "the named plaintiffs and their counsel have any conflict of interest with other class members," and (2) "the named plaintiffs and their counsel [will] prosecute the action vigorously on behalf of the class." *Hanlon*, 150 F.3d at 1020.

Here, Named Plaintiffs and Lead Counsel have no conflicts with the other Class Members. Named Plaintiffs are certainly incentivized to adequately represent the Class as they share a common economic interest. (Mem. of P. & A., 11:8–9.) Finally, Lead counsel is highly experienced and qualified, having successfully litigated and settled many class action cases nationwide, including securities class action cases. (Mem. of P. & A., 10:23–26.) Accordingly, the adequacy of representation requirement is satisfied.

### 5. *Named Plaintiffs Have Satisfied the Requirement of Rule 23(b)*

Once the threshold requirements of Rule 23(a) are satisfied, a class may be certified only if the class action satisfies one of the requirement under Rule 23(b). Rule 23(b)(3) provides that a class may be certified if "the court finds that questions of law and fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods." Fed. R. Civ. P. 23(b)(3).

### a. *Predominance of Common Issues*

"The Rule 23(b)(3) predominance inquiry tests whether the proposed classes are sufficiently cohesive to warrant adjudication by representation." *Hanlon*, 150 F.3d at 1022 (citing *Amchem Prod.*, 117 S. Ct. at 2249). "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is a clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon*, 150

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-CV-06523-RGK-PJW | Date | July 07, 2017 |
|---|---|---|---|
| Title | **_KARAM v. CORINTHIAN COLLEGES, INC. et al_** | | |

F.3d at 1022 (citing 7A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1777 (2d ed. 1986)).

Here, Named Plaintiffs allege a course of conduct committed by Defendants that was directed against all Class Members. Named Plaintiffs present several common questions of law and fact that apply to all Class Members and outweigh any individual issues. These common questions include: (1) whether Defendants' statements and omissions were materially false or misleading; (2) whether Defendants acted with scienter; and (3) the resulting impact of any misrepresentations on the price of Corinthian stock. (Mem. of P. & A., 12:28–13:3.) Thus, the predominance inquiry is satisfied.

     b.    _Superiority Over Other Available Methods_

Rule 23(b) also requires that a class action be "superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). This inquiry demands the "determination of whether the objectives of the particular class action procedure will be achieved in the particular case. This determination necessarily involves a comparative evaluation of alternative mechanisms of dispute resolution." _Hanlon_, 150 F.3d at 1023.

As the parties have already reached a settlement in this case, and the only alternative method of resolving this case would be by thousands of individual lawsuits and settlements, the Court finds that the class action format is superior in this limited circumstance. Accordingly, the superiority requirement is thus satisfied.

   **B.**   <u>**Preliminary Approval of the Settlement**</u>

Since the Court has determined that the Class can be certified for settlement purposes, the Court moves on to consider preliminarily approving the settlement. A class action settlement is presumed to be fair when: (1) the settlement is reached through arm's length agreement; (2) investigation and discovery are sufficient to allow counsel and the court to act intelligently; (3) counsel is experienced in similar litigation; and (4) the percentage of objectors is small. Newberg & Conte, _Newberg On Class Actions_, 4th Ed. (2014) § 11.41; _7-Eleven Owners for Fair Franchising v. Southland Corp._, 85 Cal. App. 4th 1135, 1146 (2000).

After reviewing Named Plaintiffs' submitted materials, the Court finds that the proposed settlement is fair, adequate, and reasonable.

First, the terms of the settlement are the product of arm's-length negotiations between the parties, who were represented by highly experienced attorneys. As mentioned above, Lead Counsel has significant experience in securities and other complex class action litigation and has negotiated numerous class action settlements. Moreover, these negotiations were conducted with the assistance of the Ninth Circuit's mediation coordinator and Judge Weinstein (Ret.).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-CV-06523-RGK-PJW | Date | July 07, 2017 |
|---|---|---|---|
| Title | ***KARAM v. CORINTHIAN COLLEGES, INC. et al*** | | |

Moreover, Lead Counsel conducted an extensive investigation of the alleged facts, utilized private investigators who interviewed numerous witnesses, consulted experts on issues of materiality, calculated losses and damages, and briefed Defendants' motions. (Mem. of P. & A., 18:20–25.) Thus, Lead Counsel was able to fully assess the strengths and weaknesses of the claims asserted during the settlement proceedings.

Further, there are currently no known objectors to this proposed settlement.

The proposed settlement agreement is also fair with respect to the attorneys' fees and costs requested. Lead Counsel will take a 25% fee, and will be reimbursed for expenses not to exceed $150,000. Because 25% is within the accepted range for attorneys' fees set forth by the Ninth Circuit, the proposed award appears fair at this preliminary stage. *See Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000) (finding that 25% of recovery is the "benchmark" for attorneys' fees). However, the Court's final approval of this amount is contingent upon the parties providing sufficient information to support the 25% award requested.

Finally, the proposed settlement release is not overly broad. "A settlement agreement may preclude a party from bringing a related claim in the future even though the claim was not presented and might not have been presentable in the action, *but only where* the released claim is based on the identical factual predicate as that underlying the claims in the settled class action." *Hesse v. Spring Corp.*, 598 F.3d 581, 590 (9th Cir. 2010) (emphasis added). A proposed settlement agreement is overly broad when it fails to limit the claims released to those based on the facts alleged in the complaint. *See id.*

Here, the settlement agreement states that Named Plaintiffs and the Class release all Released Claims, "known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts." ([Proposed] Order Preliminarily Approving Settlement and Providing for Notice Ex. A-2 at 10:22–11:2, ECF No. 152-1.) While this release language may seem overly broad, it pertains solely to "Released Claims," a term which is previously defined as claims regarding (1) the purchase or acquisition of Corinthian stock during the Class Period, and (2) the acts, facts, circumstances, statements or omissions that were asserted or could have been asserted by the Class Members.

Accordingly, the Court preliminarily concludes that the proposed settlement is fundamentally fair, adequate, and reasonable.

### C.    **Proposed Notice**

Finally, Pursuant to Rule 23(e), "[t]he court must direct notice in a reasonable manner

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-CV-06523-RGK-PJW | Date | July 07, 2017 |
|----------|----------------------|------|---------------|
| Title | *KARAM v. CORINTHIAN COLLEGES, INC. et al* | | |

to all class members who would be bound" by the proposed settlement. Fed. R. Civ. P. 23(e)(1). Moreover, "[f]or any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be reasonably identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). "Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" *Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (quoting *Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1352 (9th Cir. 1980)).

Here, the Proposed Notice sufficiently informs the Class Members of: (1) the nature of the litigation and the settlement class; (2) the essential terms of the settlement agreement; (3) information about attorneys' fees and expenses; (4) how to object to the settlement; and (5) how to obtain additional information about the settlement. Moreover, a summary notice will be published in *The Wall Street Journal* and *Business Wire* to supplement the mailed notice. ([Proposed] Order Preliminarily Approving Settlement and Providing for Notice Ex. A-1.)

Accordingly, the Court approves the Proposed Notice.

**V.     CONCLUSION**

For the Foregoing reasons, the Court **conditionally certifies** the Class for settlement purposes only, and **GRANTS** Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement.

Additionally, the Court approves the Notice, the Proof of Claim, and the Summary Notice. Prior to mailing or publishing the Notice, Proof of Claim, or Summary Notice, however, these documents shall be updated to reflect the specifics of this Order, and to conspicuously identify the dates and deadlines set out below.

The Court appoints Gilardi & Co. LLC as Claims Administrator. The Claims Administrator shall mail the Notice and Proof of Claim to all identifiable Class Members by First-Class Mail by no later than **August 4, 2017** (the "Notice Date"). The Proposed Notice and Proof of Claim shall also be accompanied by a request-for-exclusion form containing blank spaces for all of the information required for exclusion from the Class, as well as an exclusion envelope pre-addressed to the address designated in the Notice. The Proposed Notice shall also be posted on the case-specific website designated in the Notice and Summary Notice **within 20 days** of the filing of this Order, which shall remain active until at least **7 days** after the cut-off for timely submission of Proofs of Claim. The Summary Notice shall be published once in both *The Wall Street Journal* and *Business Wire*, **within 30 days** of the filing of this Order.

Not later than **September 11, 2017**, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of the mailing and publication of the Notice, Proof of Claims, and Summary Notice, in compliance with the terms of this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-CV-06523-RGK-PJW | Date | July 07, 2017 |
|---|---|---|---|
| Title | ***KARAM v. CORINTHIAN COLLEGES, INC. et al*** | | |

Any Person falling within the definition of the Class who wants to be excluded from the Class shall mail a request for exclusion postmarked to the address designated in the Notice **by September 1, 2017**. Unless the Court orders otherwise, no request for exclusion shall be valid unless it is made within the time stated above and in the manner described in the Notice and this Order.

Class Members who wish to participate in the Settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked or submitted electronically **within ninety days** of the Notice Date. Any Class Member who does not timely submit a Proof of Claim shall be barred from sharing in the distribution of the proceeds of the Settlement, unless otherwise ordered by the Court.

A Final Approval Hearing is hereby scheduled for **September 25, 2017 at 9:00 AM** in Courtroom 850 of the Roybal Federal Building, to conclusively determine whether the proposed Settlement is fair, reasonable, and adequate as to the Class and should be approved by the Court, and to determine the amount of fees and expenses that should be awarded to Lead Counsel.

Any Member of the Class may appear and show cause why the Settlement should or should not be approved as fair, reasonable, and adequate, why the Final Order and Judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved as fair, reasonable, and adequate, or why attorneys' fees and expenses should or should not be awarded to Lead Counsel. However, in order to be heard at the Final Approval Hearing, any potential objector must file a written objection with the Court on or before **September 11, 2017**. Any reply to such an objection must be filed by **September 18, 2017**. Any Member of the Class who does not make his objection in the manner provided shall be deemed to have waived such objection, unless otherwise ordered by the Court.

If for any reason the Settlement is not approved, or is terminated, cancelled, or fails to become effective for any reason, this Order, and all related proceedings shall be vacated without prejudice.

**IT IS SO ORDERED.**

_____ : _____

_____

Initials of Preparer